No. 22042.

INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, A CORPORATION, ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY AND GENERAL ELECTRIC COMPANY *v.* HARRY E. EWING.
(418 P.2d 296)

Decided September 26, 1966.

Burnett, Watson & Horan, for plaintiffs in error

Electric Mutual Liability Insurance Company and General Electric Company.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

CARMOSINO & BERARDINI, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS is a workmen's compensation case and involves a consideration of C.R.S. 1963, 81-12-8(2). That particular statute provides as follows:

"(2) The loss of both hands or both arms or both feet or both legs or both eyes or any two thereof, by injury in or resulting from the same accident, shall prima facie constitute total and permanent disability to be compensated according to the provisions of this section; *provided, that where the disability comes under this section and where the employer or the commission obtains suitable employment for such disabled person which he can perform and which in all cases shall be subject to the sole approval of the commission, the disabilities set out in this paragraph shall not constitute total disability during the continuance of the commission's approval of said employment but such partial disability as may be determined by the commission after a finding of the facts.*" (Emphasis supplied.)

Harry E. Ewing, hereinafter referred to as the employe, was for several years employed by the General Electric Company, hereinafter referred to as the employer. The Electric Mutual Liability Insurance Company carried the employer's workmen's compensation

insurance, and that particular company will be referred to as the carrier.

In an accident admittedly arising out of and in the course of his employment, the employe suffered severe electrical burns, which necessitated the amputation of his right arm below the elbow. Subsequently, the employe also developed cataracts on both eyes as a further result of the electrical shock which he had suffered in the aforementioned accident. Surgery for the removal of these cataracts followed. As a result of the employe's eye condition, however, the carrier conceded that because of his loss of vision the employe was permanently and total disabled within the meaning of C.R.S. 1963, 81-12-8(2).

Subsequent to this admission by the carrier, the employe nonetheless returned to work for his employer and continued in such employment for some ten months. Presumably during this period of time the employe received compensation benefits for only *partial* disability, as provided for by C.R.S. 1963, 81-12-8(2). The employe then terminated his employment with his employer and sought and obtained employment of a different type with a rival electrical company.

After terminating his employment, the employe sought and obtained from the Industrial Commission a so-called supplemental order. The Commission held no hearing in connection with its supplemental order, but on the strength of a letter from the employe summarily approved the prior, *ex parte*, order of its referee that the carrier should "resume the payment of compensation for permanent total disability as of the date claimant terminated his employment; and to continue the same until further order of the commission."

The carrier, and the employer, sought judicial review of this order of the Commission. Upon hearing the trial court remanded the matter to the Commission with the direction that it hold a hearing and take testimony "on the sole question . . . . of the suitability of the employ-

ment offered by plaintiffs [the employer] to the defendant [the employe]." It was further ordered that once the Commission had made its findings and order the entire matter should then be returned to the trial court for its further consideration.

In due time the Commission did conduct the hearing which it was directed by the trial court to hold. In its order, after reciting certain of the chronological facts out of which this dispute arose, the Commission merely "found" that the employe "had failed to prove that he was unable to perform the work" offered him by the employer. It then denied his claim that there be a resumption of the compensation payments for permanent total disability.

Upon subsequent reconsideration of this matter, the trial court, after noting that the Commission still had failed to make any express finding as to the suitability of the offered employment, nonetheless proceeded to set aside the latter order of the Commission denying the employe's claim for permanent total disability benefits, and ordered a reinstatement of the Commission's earlier order that the employe receive permanent total disability benefits. It is this judgment and order which the employer and the carrier now seek to have reversed.

In our view of this matter the judgment and order of the trial court should be reversed, and the cause remanded to the trial court with the direction that it, in turn, remand the matter to the Commission with the direction, once again, that the Commission, after hearing, make express findings going to the suitability of the employment offered the employe by the employer. The carrier argues, in this regard, that the Commission, by denying the employe's claim and by the finding that the employe "had failed to prove that he was unable to perform the work," in effect, did find that the offered work was "suitable." We do not believe this assumption may be safely indulged in, as such does not necessarily follow. The fact that a "permanently

and totally disabled" person may, by some Herculean effort, perform a given task does not necessarily mean that such employment is "suitable." In any event the employe has substantial rights at stake in this controversy, and they should not be denied him without at least a clear-cut finding by the Commission as to whether the offered work was, or was not, suitable. Nothing contained herein, however, should be construed as any indication by us as to whether the offered employment was or was not suitable. We are not a fact-finding body charged with the resolution of this issue. Such, according to C.R.S. 1963, 81-12-8(2), is the Commission's sole responsibility.

Minor dispute also arises as to whether the employe has the burden of proving the "unsuitability" of the offered employment, or on the other hand the employer has the burden of establishing the "suitability" of the employment offered the injured employe. The Commission would seem to have cast this burden on the employe.

We hold that this particular burden of proof, however, rests on the employer, where, as here, he has allegedly offered "suitable employment" to his injured employe. We agree that it is well-settled that a claimant has the burden of establishing his right to compensation benefits. C.R.S. 1963, 81-12-8(2) provides, however, that the loss of both eyes "shall prima facie constitute total and permanent disability." Hence, in our view in the instant case the employe has sustained this burden by establishing his loss of vision in both eyes. This same statute then goes on to provide, in effect, that the compensation benefits, otherwise due, may be reduced where the employer offers his injured employe "suitable employment."

This issue of "suitable employment" is deemed to be somewhat analogous to the various affirmative defenses provided for in civil actions by R.C.P. Colo. 8(c), particularly the provision contained therein that "mitigat-

ing circumstances to reduce the amount of damages shall be affirmatively pleaded."

Our determination in this regard is also believed to be in accord with the rationale of *National Fuel Company v. Arnold,* 121 Colo. 220, 214 P.2d 784, where it was said that an employer was in "no position" to complain because a permanently and totally disabled employe had on his own found part-time employment, where the employer had himself failed to obtain "suitable employment for such disabled person which he can perform." This language suggests that the employer has the burden of showing the "suitability" of any employment which he offers or obtains for his permanent and totally disabled employe.

The judgment is reversed and the cause is hereby remanded to the district court with the direction that it, in turn, remand the matter to the Commission with the renewed direction that it, the Commission, reopen the matter, conduct such further hearing as may be deemed necessary, and to then make the express and specific findings as to the suitability of the employment offered the employe by his erstwhile employer.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.