Opinion by
Mr. Justice Kelley.
This case is a sequel to Industrial Commission v. Ewing, 160 Colo. 503, 418 P.2d 296. The facts and circumstances surrounding and leading up to the initial appeal are set forth in detail in that opinion. It would be redundant to restate them here. The mandate remanded the case, through the district court, to the Industrial Commission to conduct a hearing to determine whether the employer had offered Ewing suitable employment in accordance with C.R.S. 1963, 81-12-8(2).
In response to our mandate, the Industrial Commission “reviewed the entire file, the evidence and testimony *135 taken at the hearing on December 11, 1963,” and made detailed findings of fact. It specifically found that the employment offered Mr. Ewing was suitable. Ewing petitioned for review. Upon review the Commission affirmed its order on January 11, 1967. The claimant Ewing then appealed to the district court and the matter was remanded to the Industrial Commission with the express direction that it conduct a further hearing. After conducting a second hearing, the Commission again found that the employment offered the claimant was suitable, and that it was work which he could perform. The Commission entered its supplemental order on April 26, 1968. The claimant again appealed to the district court. The trial judge reviewed the evidence, made his own findings of fact, set aside the supplemental order of the Commission and ordered that the original order of the Commission awarding total disability compensation be reinstated. Thus, the trial judge found, contrary to the Commission, that the employment offered the claimant was not suitable. It is from this order that the Industrial Commission appeals.
The sole issue presented by this appeal, is whether a district court may review the findings made by the Commission and substitute its conclusions for those of the Commission. We hold that it may not, and therefore, reverse the judgment of the trial court.
 This court has uniformly held that the Commission is the fact finder, and that it must be the one to evaluate the evidence and draw conclusions therefrom. In the first opinion, Mr. Justice McWilliams noted that, “We are not a fact-finding body charged with the resolution of this issue.” Likewise, the trial court is not authorized to find facts. The sole responsibility to find facts has been delegated to the Commission. C.R.S. 1963, 81-12-8(2). Colorado Springs Motors v. Industrial Commission, 165 Colo. 504, 441 P.2d 21; and Blood v. Industrial Commission, 165 Colo. 532, 440 P.2d 775.
This court in the case of Industrial Commission v. Albo, *136 167 Colo. 467, 447 P.2d 1006, stated,
“Suffice it to say, then, this is but an instance where the trial court erred in substituting its judgment for that of the Commission on the disputed factual issue as to whether Albo sustained any permanent injury as a result of the accident of February 16,1965. There being evidence to support the finding of the Commission, its determination of the matter must be upheld by us. The present controversy is similar to that presented by Brown v. Industrial Commission, 447 P.2d 694, decided December 9, 1968. See also, University of Denver v. Johnston, 151 Colo. 465, 378 P.2d 830, where we held that it was error for a reviewing court to vacate the findings and conclusions of the Commission and enter findings and conclusions of its own.”
The statute applicable to the instant case, and noted in Industrial Commission v. Ewing, supra, C.R.S. 1963, 81-12-8(2) reads in part,
“* * * that where the disability comes under this section and where the employer or the commission obtains suitable employment for such disabled person which he can perform and which in all cases shall be subject to the sole approval of the commission, the disabilities set out in this paragraph shall not constitute total disability during the continuance of the commission’s approval of said employment but such partial disability as may be determined by the commission after a finding of the facts.” (Emphasis added.)
The statute which governs the causes for setting aside an award, 1969 Perm. Supp., C.R.S. 1963, 81-14-12, states, “Upon such hearing, the court may affirm or set aside such order or award, but only upon the following grounds: That the director or commission acted without or in excess of his or its powers; that the finding, order, or award was procured by fraud; that the findings of fact by the director or commission do not support the order or award.”
The Industrial Commission was, by our first *137 decision, ordered to determine if the employment offered Ewing was suitable. The Commission conducted two hearings in which the employer was required to sustain the burden of proof that the employment offered Ewing was suitable, and that it was work which Ewing could perform. After a thorough review of the evidence, the Commission found in material part,
“2. That the respondent employer sustained the burden of showing that the employment offered to Mr. Ewing was suitable and work which he could perform.
“3. That the employment offered by the respondent employer to the disabled claimant is suitable employment which the claimant can perform and that, therefore, the claimant, while permanently and totally disabled, is not entitled to receive benefits.”
The evidence supports these findings.
The judgment of the trial court is therefore reversed, and the cause remanded with direction that the trial court enter judgment affirming the supplemental order of the Commission dated April 26, 1968.
Mr. Chief Justice Pringle Day, and Mr. Justice Hodges concur.