## No. C-574

**World of Sleep, Inc., and Division of State Compensation Insurance Fund v. Larry Paul Davis, and Industrial Commission of Colorado**

(536 P.2d 34)

Decided May 27, 1975.

444

Robert S. Ferguson, Francis L. Bury, James A. May, for petitioners.

Ashen and Fogel, John F. Griebel, for respondent Larry Paul Davis.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Joseph N. de Raismes, Assistant, for respondent Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The Industrial Commission (the Commission) entered a final order awarding Larry Paul Davis workmen's compensation based on a formula derived from 1969 Perm. Supp., C.R.S. 1963, 81-12-4,[1] but which also considered factors found in 1969 Perm. Supp., C.R.S. 1963, 81-12-9.[2] We granted certiorari to review a decision of the Court of Appeals which upheld that disability award. *World of Sleep, Inc. v. Davis,* 34 Colo. App. 279, 527 P.2d 890 (1974). We reverse.

Respondent Larry Paul Davis was employed by the petitioner World of Sleep, Inc., as a truck driver. In December, 1970 in the course of his employment he sustained an accidental injury to his right knee. Surgery was performed. The employer and insurer paid all medical and hospital bills and compensation for temporary disability. They filed an admission of liability for compensation for a 10% loss of the use of the right leg at the knee, a medical finding which is not in dispute.

Section 81-12-4(7) provides:

"Where an injury causes the *loss of use or partial loss of use* of any member specified in the foregoing schedule, the director may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for temporary disability, *or* the director may award compensation under the permanent partial disability section of this article as the director in his discretion may determine from the particular facts in each case." (Emphasis added.)

---

[1] Now section 8-51-104, C.R.S. 1973.
[2] Now section 8-51-108, C.R.S. 1973.

The Commission exercised its discretion under section 81-12-4(7) and found a 10% functional (medical) disability under C.R.S. 1963, 81-12-4(1)(a) and (y). Yet in making its award the Commission thereafter added an additional 10% disability by reason of the factors enumerated in section 81-12-9, resulting in an award of a 20% loss of the leg still measured at the knee.

Petitioner seeks review contending that the Industrial Commission has discretionary power to compensate Davis for his disability under *either* the scheduled loss provisions of section 81-12-4 *or* under the permanent partial disability provisions of section 81-12-9, but not both. We agree.

When an injury results in the complete or partial loss of use of a member, section 81-12-4(7) of the Workmen's Compensation Act (the Act) clothes the Commission with the discretion to determine disability, and the amount of compensation to be awarded, in one of two alternate ways: either under the "above schedule" of section 81-12-4 *or* under the "permanent partial disability section of this statute," which is section 81-12-9. While there is no direct prohibition *not* to consider the factors of one section while awarding under the other, we construe the use of the disjunctive to indicate a choice, not a fusion, of the sections to be applied. Thus we hold that where, as here, the Commission compensates an injured employee under section 81-12-4, it may consider only medical impairment and is limited to a disability award based entirely on the comparative compensation formula expressed therein.

We buttress this conclusion by distinguishing the remedies found in the two sections. An award under section 81-12-9, which allows consideration of industrial disability factors, is proper when the claimant suffers a *general disability* expressed in percentage as a working unit. This is called a working unit loss of earning capacity. *Simpson & Co. v. Wheeler,* 153 Colo. 480, 386 P.2d 976 (1963). The percentage so arrived at is not applied to the amount of compensation paid for the loss of the member, but is applied to the total sum which the workman would receive over his expected lifetime if he were permanently disabled.

When the Commission finds that the claimant suffered a percentage *loss of use* of his leg rather than a percentage general disability, the award is based under section 81-12-4 rather than

section 81-12-9. *Winteroth v. Industrial Commission,* 93 Colo. 38, 22 P.2d 865 (1933). Then the amount of compensation to be awarded is found by applying the percentage of loss of use to the amount of compensation which the legislature has precisely provided in a schedule set out in the statute.

As the concepts and computations are entirely different, the autonomy of one section is to be maintained to the exclusion of the other. Otherwise, there would be no need for the alternatives provided by the Act.

The Court of Appeals construed the term "the disability suffered" as found in section 81-12-4(7) to mean "industrial disability," basing its holding in *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962); *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087 (1940). Those cases, which dealt with awards made exclusively under section 81-12-9, are inapposite since the award in the case at bar was made exclusively under section 81-12-4.

The Industrial Commission increased the medical impairment by the consideration of factors entirely foreign to physical condition, thereby increasing the number of weeks of compensation authorized by the schedule in section 81-12-4. Such a result provided a percentage loss of the member which doubled the amount otherwise awardable under the schedule — in excess of the Commission's jurisdiction.

Accordingly, judgment is reversed and the cause is remanded to the Court of Appeals for remand to the Commission with directions to the director to enter an award either under section 81-12-4 limited to disability of the member or under 81-12-9 relating to disability as a working unit, but not under both.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.