**EMPLOYERS MUTUAL OF WAUSAU, and Associated Grocers, Petitioners,**

v.

**Edgar L. EIDSON, Industrial Commission of Colorado, Director of the Division of Labor, and Employers Fire Insurance Company, Respondents.**

**No. 81CA1180.**

Colorado Court of Appeals, Div. III.

May 13, 1982.

Zarlengo, Mott & Zarlengo, Tama L. Levine, Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., Lynn Palma, Asst. Atty. Gen., Denver, for respondents Indus. Com'n of Colorado and Director of Div. of Labor.

Douglas R. Phillips, P. C., Douglas R. Phillips, Richard T. Goold, Denver, for respondent Edgar L. Eidson.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for respondent Employers Fire Ins. Co.

KELLY, Judge.

In this worker's compensation case, Employers Mutual of Wausau and Associated Grocers (petitioners) seek review of a final order of the Industrial Commission which awarded permanent partial disability benefits of six percent as a working unit to claimant, Edgar L. Eidson. We affirm.

The pertinent facts, as found by the referee, are as follows. Claimant was hired by Associated Grocers in 1970 as a diesel mechanic, and his work involved maintenance and repair of the brakes, transmissions, and chassis of large diesel trucks. In the course of his work, claimant had to kneel, squat, or bend a minimum of 35 times per day. Claimant began to notice problems in his right knee in July 1978. When these problems worsened, claimant consulted with and was examined by an orthopedic specialist in November 1978. As a result of the examination, the specialist determined that claimant's right medial meniscus was fissured and shredded and that this was caused by repeated squatting, bending, or kneeling (rather than by a specific accidental injury). The specialist recommended surgery to remove the meniscus. After a postponement at the employer's request, the surgery was performed in March 1979.

At the hearing before the referee, the specialist testified that claimant's loss of the use of his right leg as measured at the knee was no more than five percent. Considering that testimony and other factors, the referee concluded that claimant had sustained permanent partial disability for an occupational disease in the amount of six percent as a working unit. On review, the Industrial Commission affirmed the referee's award to claimant. The Commission stated:

"In awarding permanent partial disability benefits, the Commission takes into consideration the manifest weight of the evidence presented at hearing, including the general physical condition of the claimant, mental training and education, ability, age, and prior experience. The claimant had a ninth grade education and had worked as an automobile mechanic for a period of 20 years. His experience as a mechanic provided him with no other useful skills. He suffered a 5% physical disability at the right knee. Taking into consideration all the factors, the referee's award of 6% as a working unit was prop-

er. At the time of last injurious exposure, the claimant was 54 years of age."

Petitioners now contend that the Commission erred in awarding permanent partial disability under § 8–51–108, C.R.S. 1973, and that claimant should have been awarded a scheduled disability under § 8–51–104, C.R.S. 1973. They note that a disability award under § 8–51–108 is not for physical impairment alone, but for a loss of earning capacity resulting from that impairment. *See Matthews v. Industrial Commission,* Colo.App., 627 P.2d 1123 (1980). Conversely, a scheduled disability award under § 8–51–104 is awarded for medical impairment only. *See World of Sleep, Inc. v. Davis,* 188 Colo. 443, 536 P.2d 34 (1975).

■ Petitioners first assert that the Commission should have granted a scheduled disability award because the orthopedic specialist gave claimant an impairment rating of five percent of the right leg as measured at the knee rather than giving claimant a working unit rating. However, medical testimony alone is not determinative of the type of award to be given. Although medical testimony can be used as a guideline for evaluating the extent of a disability, that determination is for the Commission to make. *See World of Sleep, Inc. v. Davis, supra; Dravo Corp. v. Industrial Commission,* 40 Colo.App. 57, 569 P.2d 345 (1977).

■ Petitioners also assert that an award of permanent partial disability was improper because claimant did not suffer a loss of earning capacity as a result of his occupational disease and, in fact, has been employed with Associated Grocers at a higher rate of pay subsequent to his surgery. However, "post-injury earnings do not always accurately reflect a worker's true earning capacity subsequent to his injury." *Evans v. Aurora Elevator Co.,* Colo.

App., 631 P.2d 1201 (1981). Furthermore, impaired earning capacity is only one factor to be taken into consideration under § 8–51–108(1)(b), C.R.S. 1973 (1981 Cum. Supp.). *Evans v. Aurora Elevator Co., supra.* Accordingly, a permanent partial disability award may be appropriate even where post-injury earnings are greater than pre-injury earnings. *See London Guarantee & Accident Co. v. Industrial Commission,* 70 Colo. 256, 199 P. 962 (1921).

■ The Commission, while recognizing that claimant had suffered no immediate effect upon his wages, stated that the pertinent statutory factors must be considered to determine the potential effect of claimant's condition upon his future earning capacity, and it did so, as its order discloses. *See Dravo Corp. v. Industrial Commission, supra.* Furthermore, claimant testified that although the surgery had lessened claimant's pain, he still experiences some pain when he squats to perform his work. Based on our examination of the record, we perceive no abuse of discretion in the Commission's award of permanent partial disability. *London Guarantee & Accident Co. v. Industrial Commission, supra.* Furthermore, consideration of the pertinent factors by the Commission justified an award which was different from the percentage of disability established by the medical evidence. *See Simpson & Co. v. Wheeler,* 153 Colo. 480, 386 P.2d 976 (1963).

Order affirmed.

SMITH and KIRSHBAUM, JJ., concur.