Theresa BYRD, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO; Charles McGrath, Director, Division of Labor, Department of Labor and Employment, State of Colorado; Dover Elevator Company; and Liberty Mutual Insurance Company, Respondents.

No. 82CA0150.

Colorado Court of Appeals,
Div. I.

Oct. 14, 1982.

Rehearing Denied Oct. 28, 1982.

Certiorari Denied Jan. 24, 1983.

Carroll & Bradley, P.C., John S. Carroll, Rebecca Bradley, Westminster, for petitioner.

Zarlengo, Mott & Zarlengo, Tama L. Levine, J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Atty. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents.

PIERCE, Judge.

In this worker's compensation case, petitioner, Theresa Byrd, seeks review of the final order of the Industrial Commission denying her claim for death benefits. The sole issue before us is whether petitioner qualified as the dependent of Donald E. Byrd, her deceased son, under the provisions of § 8–50–102, C.R.S.1973 (1981 Cum. Supp.). We affirm.

The facts are undisputed. The decedent died on August 12, 1980, from injuries received on that date in an industrial accident. He was 24 years of age, unmarried, and had no children. He was survived by the petitioner and one adult sister.

At the time of her son's death, the petitioner was unemployed and receiving unemployment compensation benefits of $76 per week. She had been laid off in May of that year by a company for whom she had worked for 10 years, where she had been a piece worker, earning $4.75 per hour. At the hearing in January 1981, petitioner, age 55, testified that she was looking for other employment and was physically able to work.

Petitioner also received alimony of $200 per month. She usually received $30 per week from her son, and while he was in the Army from 1975 to 1978, she had received his military allotment of $150 per month.

The referee denied petitioner's claim for death benefits on the ground that she had failed to establish she was a dependent of the decedent under § 8–50–102, C.R.S.1973 (1981 Cum.Supp.), which ruling was adopted by the Industrial Commission.

Petitioner contends the Commission erred in denying her death benefits because she was dependent on her son. We disagree.

A worker's compensation claimant has the burden of proving a right to benefits. *Industrial Commission v. Ewing,* 160 Colo. 503, 418 P.2d 296 (1966). The extent of any dependency is determined as of the date of injury, and the right to death benefits is fixed on that date irrespective of any subsequent change in conditions. Section 8–50–105, C.R.S.1973 (1981 Cum.Supp.).

Section 8–50–102, C.R.S.1973 (1981 Cum. Supp.) provides, in pertinent part, that the mother of a deceased employee who was wholly or partially supported by the deceased at the time of death, and for a reasonable period of time immediately prior thereto, is considered an "actual dependent." However, to be entitled to compensation, such dependent must be "[i]ncapable of or actually disabled from earning [her] own living ...."

As to the latter requirement, we construe the intent of the General Assembly to be that a claimant must prove that he or she is physically or mentally unable to support himself or herself on the date of death. And, here such proof was not forthcoming.

Claimant contends that she has met her burden of proof under the statute because she has presented evidence which, if believed by the finder of fact, establishes: (1) that for approximately three months prior to the death of her son she searched for employment to no avail and (2) that for a

considerable period of time prior to his death, she accepted income from sources other than her own employment, which provided her with either total or partial financial support. We do not agree.

Claimant's evidence does demonstrate that she was being supported, at least partially, by decedent at the time of his death. However, none of her evidence demonstrates that she was "incapable of or actually disabled from earning her own living." Indeed, her own testimony that she was physically able to work plus her work history indicates to the contrary.

Hence, the evidence supports the finding of the Commission and that finding is accordingly binding on review. *Crandall v. Watson-Wilson Transportation System, Inc.,* 171 Colo. 329, 467 P.2d 48 (1970).

The order is affirmed.

COYTE and KELLY, JJ., concur.