**Vern A. HEGGAR, Petitioner,**

v.

**WATTS–HARDY DAIRY; State Compensation Insurance Fund; Industrial Commission of the State of Colorado, and Director, Division of Labor, Respondents.**

No. 83CA0868.

Colorado Court of Appeals,
Div. IV.

March 1, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Aug. 7, 1984.

Martinez & Allman, Robert L. Allman, Denver, for petitioner.

Samuel H. Collins, William J. Baum, Denver, for respondents Watts-Hardy Dairy and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Lynn L. Palma, Asst. Atty. Gen., Denver, for respondents Industrial Com'n.

SILVERSTEIN *, Judge.

Claimant seeks review of a final order of the Industrial Commission awarding him temporary total disability benefits, scheduled benefits for 50 percent loss of use of the left hand measured at the wrist, and benefits for disfigurement, but denying him permanent total disability benefits and vocational rehabilitation. We affirm.

The evidence was essentially undisputed. Claimant, employed by respondent Watts-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3)

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Hardy Dairy as a truck mechanic, was injured on August 25, 1978, when a high pressure line feeding a grease gun being used by claimant ruptured, injecting grease into the palm of his hand. Claimant was treated surgically for his hand injury, but was unable to return to work because of chronic pain in his hand. In early 1981, claimant became totally blind as a result of proliferative diabetic retinopathy, a condition associated with the diabetes from which claimant had suffered since the age of 7.

The referee found that claimant reached maximum improvement with regard to his hand injury on March 4, 1981, and that claimant was entitled to compensation benefits for permanent partial disability of 50 percent of the "left upper extremity as measured at the wrist" and for bodily disfigurement. As to claimant's blindness, the referee stated that:

"Although the claimant's hand injury may have had some bearing on the aggravation of his diabetic condition, this was not a significant aggravation and ... permanent partial disability resulting from the subject accident on August 25, 1978, is limited to his hand injury."

The referee concluded that, since claimant's left hand injury was his sole industrial disability, the Subsequent Injury Fund was not liable. Finally, the referee denied claimant vocational rehabilitation benefits, finding that his blindness was an "independent intervening event" and that, therefore, respondents were not liable for the expenses of claimant's vocational rehabilitation. The Commission affirmed the referee's order.

## I.

Claimant contends that his industrial hand injury aggravated his preexisting diabetic condition in such a way as to render him totally disabled, and that the Industrial Commission therefore erred in failing to award him permanent total disability benefits.

■ The burden is upon the claimant to establish that an aggravation of a preexisting condition caused or precipitated the disability for which compensation is claimed, and the referee must determine, as a factual question, whether that burden has been met. *Wierman v. Tunnell,* 108 Colo. 544, 120 P.2d 638 (1941).

■ The medical evidence was sufficient to support the finding that claimant's blindness and resulting disability was not the result of an aggravation of his preexisting condition by his industrial accident.

## II.

Claimant next contends that the Industrial Commission erred in failing to award benefits under the subsequent injury fund statute for claimant's total disability. We disagree.

Section 8–51–106(1)(a), C.R.S. (1983 Cum. Supp.) provides for apportionment of liability for benefits to the Subsequent Injury Fund:

"[i]n a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment...."

Claimant contends that under this statute any combination of disabilities which render an employee incapable of steady gainful employment entitles the employee to the benefits of the statute. We disagree.

■ The statute limits benefits to those who suffer from "industrial disabilities." We interpret "industrial disabilities" to mean those disabilities which arise out of an industrial incident, *i.e.,* those which arise out of and in the course of employment. *See American Metals Climax, Inc. v. Cisneros,* 39 Colo.App. 559, 571 P.2d 315 (1977); *Inter-State Oil Co. v. Equity Mu-*

**238**

*tual Insurance Co.,* 183 S.W.2d 328 (Mo. App.1944); *Lumbermen's Mutual Casualty Co. v. Lynch,* 63 Ga.App. 530, 11 S.E.2d 699 (1940); *Steiner v. Spencer,* 24 Tenn. App. 389, 145 S.W.2d 547 (1940) (all defining industrial disease).

■ Here, the referee found on sufficient evidence that claimant's hand injury caused permanent partial industrial disability, but that claimant's blindness was the result of claimant's preexisting diabetes rather than any industrial disease or accident. Accordingly, the conditions necessary for an award of benefits under the Subsequent Injury Fund Act were absent. *American Metals Climax, Inc. v. Cisneros, supra.*

### III.

Claimant's final contention is that the Industrial Commission abused its discretion in awarding him compensation for a scheduled injury, but denying him permanent partial disability as a working unit.

■ Under § 8–51–104, C.R.S. (1983 Cum.Supp.), benefits may be awarded for injuries as scheduled in that section or under the permanent partial disability section, § 8–51–108, C.R.S. (1983 Cum.Supp.), as the Industrial Commission in its discretion may determine from the particular facts in each case. *Martinez v. Industrial Commission,* 632 P.2d 1044 (Colo.App.1981).

■ Here, the referee found that claimant's general disability was not the result of his industrial accident. Under these circumstances it was not an abuse of discretion for the Commission to find that the claimant suffered a percentage loss of use of his hand rather than a percentage general disability. *See World of Sleep, Inc. v. Davis,* 188 Colo. 443, 536 P.2d 34 (1975).

Order affirmed.

ENOCH, C.J., and HODGES, Justice,* concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* Art. VI, Sec. 5(3)