Carol **FRAZIER** f/k/a Carol Perconti, Petitioner,

v.

**AT & T TECHNOLOGIES, INC.,** Travelers Insurance Company, the Industrial Claim Appeals Office of the State of Colorado and Director, Division of Labor, Department of Labor and Employment, Respondents.

**No. 88CA0735.**

Colorado Court of Appeals, Div. I.

Jan. 12, 1989.

Rehearing Denied Feb. 2, 1989.

Certiorari Denied April 10, 1989.

**658**

Carroll, Bradley & Froede, P.C., John S. Carroll, Westminster, for petitioner.

Roath & Brega, P.C., Jay John Schnell, Denver, for respondent AT & T Technologies, Inc. and Travelers Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

HUME, Judge.

Carol Frazier (claimant) contests a final order of the Industrial Claim Appeals Office (Panel) which corrected and affirmed the scheduled permanent disability award entered by an Administrative Law Judge (ALJ). We affirm.

■ Claimant contends that, pursuant to the "more favorable remedy" doctrine as described in 2 A. Larson, *Workmen's Compensation Law*, §§ 58.23 & 58.25 (1987), she should have been given a working unit award pursuant to § 8–51–108(1)(b), C.R.S. (1988 Cum.Supp.), instead of a scheduled award pursuant to § 8–51–104(1), C.R.S. (1986 Repl.Vol. 3B). We disagree.

The "more favorable remedy" doctrine has not been adopted as the controlling law in Colorado, and we decline to do so now. Although the Workmen's Compensation Act is to be construed liberally to accomplish its beneficial purposes, nevertheless, as pointed out out by the Panel, the ALJ has wide discretion in determining whether to apply § 8–51–104(1) or § 8–51–108(1)(b). *See* § 8–51–104(7), C.R.S. (1986 Repl.Vol. 3B); *World of Sleep, Inc. v. Davis*, 188 Colo. 443, 536 P.2d 34 (1975). We perceive no abuse of that discretion under the circumstances here.

■ Claimant also contends that the Panel erred in reducing the ALJ's award for permanent disability from *five* percent of the right upper extremity to *three* percent. We disagree.

It is clear from the ALJ's order that he intended to adopt the rating of claimant's treating surgeon. The surgeon's rating was permanent disability of *three* percent of the right upper extremity. Moreover, the Panel correctly noted that the ALJ's dollar award of $524.16 is equivalent to a scheduled award of three percent loss of use of an arm, not five percent. *See* § 8–51–104(1)(a) & § 8–51–104(5), C.R.S. (1986 Repl.Vol. 3B). Therefore, we agree with the Panel that the five percent award was a clerical error and conclude that the Panel did not err in correcting it.

Order affirmed.

PIERCE and PLANK, JJ., concur.