VALLEY TREE SERVICE and State Compensation Insurance Authority, Petitioners,

v.

Raul JIMENEZ, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.

No. 89CA0542.

Colorado Court of Appeals, Div. I.

Jan. 18, 1990.

John Berry, Denver, for petitioners.

Fogel, Keating and Wagner, P.C., Charles Free, Denver, for respondent Raul Jimenez.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Karen E. Leather, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge PIERCE.

The sole issue in this workmen's compensation case is which party bears the burden of establishing whether the usual wage adjustments have been afforded to an employee when an employer reemploys or continues to employ a disabled worker at the same rate of pay which the employee received before the injury. The Industrial Claim Appeals Office (Panel) ruled that such burden was on the employer, and we affirm that holding.

Claimant sustained an admitted industrial injury to his left arm, and later, he returned to the same position as groundman with his previous employer, Valley Tree Service. Claimant testified that, upon his return, he did not use a chain saw as he had previously done. He continued to experience numbness and pain in his hand and had problems picking up heavy objects. It is undisputed that the employer modified claimaint's duties in a manner that made it possible for him to perform his work within his physical limitations.

At the hearing, claimant was the only witness. Based on his testimony that he made the same hourly wage both before and after the injury, the Administrative Law Judge (ALJ) found that "claimant returned to work at the same rate of pay." The ALJ also found that, although claimant had not suffered a present loss of earnings because of his injury, he was not as valuable an employee and would not be as marketable and competitive in an open labor market. Therefore, the ALJ concluded that claimant suffered a loss of future earning capacity and awarded claimant permanent partial disability rating of 10 percent as a working unit.

The statute involved in this case is § 8-51-108(4), C.R.S. (1989 Cum.Supp.). It provides, in pertinent part:

"In any case where an employer reemploys or continues the disabled employee at work in the employment of the employer at the employee's preinjury rate of pay *and extends to the employee the usual wage adjustments*, the employee's permanent partial disability award shall be limited to permanent medical impairment or a payment under section 8–51–104, whichever is less. This subsection (4) shall not apply if the director finds that due to the injury the employee is permanently unable to perform the duties offered by the employer." (emphasis added)

The Industrial Claim Appeals Office (Panel) ruled that § 8–51–108(4), C.R.S. (1989 Cum.Supp.) was not applicable to this case. Relying on *Johnson v. Denver Tramway Corp.*, 115 Colo. 214, 171 P.2d 410 (1946) and *Kersting v. Industrial Commission*, 39 Colo.App. 297, 567 P.2d 394 (1977), the Panel determined that the above statutory provision is in the nature of an affirmative defense which limits the employer's liability. It concluded that the employer had the burden of presenting evidence sufficient to warrant application of § 8–51–108(4). Since the employer failed to establish that it was extending the "usual wage adjustments" to claimant, the claimant's permanent partial disability properly was not limited to medical impairment or a scheduled disability.

On review, petitioners assert that the employee has the burden of proving his entitlement to permanent disability benefits as a working unit under § 8–51–108(4), just as he does under § 8–51–108(1)(b), C.R.S. (1989 Cum.Supp.). They argue that if the General Assembly had intended § 8–51–108(4) to be an affirmative defense, it would have expressly said so. They maintain that the Panel's construction of the statute frustrates the General Assembly's intent to encourage employers to rehire injured employees. We disagree.

■ Generally, the burden of proof rests upon the party who asserts the affirmative of an issue. The test is to determine which party would be successful if no evidence were given; then, the burden of proof is placed on the adverse party. *Atlantic & Pacific Insurance Co. v. Barnes*, 666 P.2d 163 (Colo.App.1983).

■ In a workmen's compensation case, claimant undeniably has the initial burden of proving his entitlement to benefits by a preponderance of the relevant evidence. *See Upchurch v. Industrial Commission*, 703 P.2d 628 (Colo.App.1985). Therefore, claimant must present a prima facie case sufficient to establish the existence of his disability and to permit a reasonable determination of the extent of such disability. *See American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978). He must also establish the causal relationship of the injury to his work. *See* § 8–52–102(1), C.R.S. (1987 Repl.Vol. 3B).

In *Industrial Commission v. Ewing*, 160 Colo. 503, 418 P.2d 296 (1966), our supreme court concluded that the issue of "suitable employment," which under the former version of § 8–51–107(2), C.R.S. (1986 Repl.Vol. 3B) would reduce total disability to partial disability, was analogous to the various affirmative defenses provided for in civil actions by C.R.C.P. 8(c), particularly the provision that mitigating circumstances must be affirmatively pled.

■ In our view, the reasoning of *Ewing* is equally applicable in resolving the issue of the allocation of the burden of proof here. Under § 8–51–108(4), reemployment or reinstatement of an employee at his preinjury rate of pay when the usual wage adjustments, such as cost of living adjustments, are extended reduces the benefits that would otherwise be available to a claimant. Therefore, we agree with the Panel that proof of § 8–51–108(4) is in the nature of an affirmative defense which limits the employer's liability.

Furthermore, the burden of proof is on the employer to present evidence to satisfy each of the conjunctive requirements of § 8–51–108(4). *See Johnson v. Denver Tramway Corp., supra,* (burden of establishing willful failure to obey a reasonable rule is on employer).

Here, while employer's general admission of liability was limited to medical and temporary total benefits, there was no dispute that claimant's injury was work-related. Although his present earnings were not reduced, claimant met his burden of proving that he had suffered a loss in earning capacity by showing that his future efficiency and employability in the competitive labor market was reduced. *See Vail Associates, Inc. v. West,* 692 P.2d 1111 (Colo.1984). Also, as in *Southwest Investment Co. v. Industrial Commission,* 650 P.2d 1355 (Colo.App.1982), the employer here has accommodated claimant's physical limitations. *Employers Mutual v. Eidson,* 646 P.2d 959 (Colo.App.1982).

Therefore, employer had the burden of presenting evidence to establish the statutory basis of § 8–51–108(4) which would limit claimant's award to permanent medical impairment or payment for a scheduled disability. The fact that proof of claimant's preinjury rate of pay occurred naturally as a result of the evidence presented by claimant to demonstrate the extent of his disability does not serve to shift the burden, which remains on the employer.

■ We are not persuaded by petitioners' argument that the finding that claimant suffered no wage loss necessarily leads to the conclusion that no wage increases were given to other employees during the time that claimant was temporarily disabled.

Order affirmed.

METZGER and REED, JJ., concur.