**Angelo LERNER, Petitioner,**

v.

**WAL–MART STORES, INC., National Union Fire Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA2007.

Colorado Court of Appeals,
Div. V.

Nov. 4, 1993.

Richard E. Falcone, Colorado Springs, for petitioner.

Clifton, Hook & Bovarnick, P.C., Richard A. Bovarnick, Denver, for respondents Wal-Mart Stores, Inc. and Nat. Union Fire Ins. Co.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge DAVIDSON.

Angelo Lerner, (claimant) contests a final order of the Industrial Claim Appeals Panel limiting his permanent disability award to benefits for disfigurement and permanent medical impairment under the terms of the reemployment statute, Colo.Sess.Laws 1990, ch. 62, § 8–42–110(3) at 494 (repealed Colo. Sess.Laws 1991, ch. 219 at 1312). We affirm in part, set aside in part, and remand for further proceedings.

The claimant suffered an admitted injury to his right knee in January 1991, while working for the respondent employer, Wal-Mart Stores, Inc. Claimant did not miss time from work but was placed on light duty work.

In February 1991, prior to reaching maximum medical improvement (MMI), claimant voluntarily terminated his employment with Wal-Mart to accept a higher-paying job with American Feed and Farm. Thereafter, in April 1991, claimant had arthroscopic surgery on the knee injured in the work accident.

He did not reach MMI from the work-related injury and surgery until September 6, 1991, at which time his orthopedic surgeon reported that claimant had sustained a 9% permanent physical impairment of the right lower extremity. At the time of hearing, claimant continued to work for American Feed and Farm.

The ALJ concluded that Wal-Mart had satisfied the requisites of the reemployment statute by showing that Wal-Mart had "continued the claimant's employment at his pre-injury rate of pay and provided to the claimant all usual standard wage adjustments," and that claimant's resignation was voluntary. The ALJ therefore limited the claimant's recovery for permanent disability to a scheduled award under Colo.Sess.Laws 1990, ch. 62, § 8–42–107(1)(x) at 491, as then in effect. The ALJ also denied the claimant's request for future medical benefits.

Claimant sought review, arguing that under the circumstances here, in which the post-injury reemployment occurred and ended prior to the time he reached MMI, § 8–42–110(3) was not applicable. The Panel disagreed, concluding that even after reaching MMI, claimant remained "eligible for rehire" and therefore reemployment "remained available." The Panel reasoned that the legislative intent underlying § 8–42–110(3) would be defeated if a claimant could escape its application by voluntarily terminating employment or by arbitrarily refusing a valid offer of reemployment.

I.

■ On appeal, claimant argues that the Panel erred in applying the reemployment statute. We agree that former § 8–42–110(3) is not applicable under the facts of this case.

The reemployment statute, in pertinent part, stated as follows:

In any case where an employer reemploys or continues the disabled employee at work in the employment of the employer at the employee's preinjury rate of pay and extends to the employee the usual wage adjustments, the employee's permanent partial disability award shall be limited to permanent medical impairment or a payment under section 8–42–107, whichever is less. This subsection (3) shall not apply if the director finds that due to the injury the employee is permanently unable to perform the duties offered by the employer. If, during the two years following the date of return to work or reemployment, the injured employee, as a result of said employee's permanent disability due to the injury, is dismissed from employment or resigns from employment with the employer, said employee may petition the director for a redetermination of the original permanent partial disability award, and, upon a proper showing of the employee's limitations in the labor market, the director shall order an appropriate award of permanent partial disability.

The purpose of the former reemployment statute was to encourage employers to retain permanently disabled employees by limiting permanent partial disability awards of reemployed workers to medical impairment or a scheduled award, whichever is less. *See Fulton v. King Soopers,* 823 P.2d 709 (Colo. 1992); *Boice v. Industrial Claim Appeals Office,* 800 P.2d 1339 (Colo.App.1990).

However, § 8–42–110(3) could not operate as an incentive for employers to retain permanently disabled workers until the employer knew whether, and to what extent, a worker had been permanently disabled. Accordingly, this court ruled that § 8–42–110(3) is applicable only when an employee has been reemployed or continued in employment at the time MMI is reached and the extent of permanent partial disability is ascertained. *Monfort, Inc. v. Gonzalez,* 855 P.2d 19 (Colo.App.1993).

Here, the ALJ found that claimant did not reach MMI until September 6, 1991. And, although claimant had continued his employment with Wal–Mart immediately after the injury, he had voluntarily resigned and was no longer employed there at the time he reached MMI. Nonetheless, Wal–Mart argues, because claimant initially continued his employment after the injury at his pre-injury rate of pay and then voluntarily resigned, his actions were beyond Wal–Mart's control and therefore it should be entitled to the benefit of the reemployment statute. We do not agree.

Importantly, here, claimant's continued employment and subsequent voluntary resignation both occurred *prior* to his reaching MMI. And, it is undisputed that after claimant actually reached MMI, Wal–Mart did not offer to reemploy him; it merely presented evidence that he would not have been terminated if he had not resigned and that he was *eligible* for reemployment. *See Valley Tree Service v. Jimenez,* 787 P.2d 658 (Colo.App. 1990) (burden of proof as to reemployment offer is on employer). We note that the employee in *Monfort v. Gonzalez, supra,* also was "eligible" for reemployment, but when he applied was not reemployed.

Moreover, Wal–Mart's evidence was only that claimant was eligible for rehire in February 1991, several months before he had reached MMI. Thus, even if we were to agree that eligibility for rehire was equivalent to an offer of reemployment, that evidence is irrelevant to the application of § 8–42–110(3) because it fails to consider the circumstances existing at the time claimant reached MMI and it necessarily disregards the claimant's subsequent knee surgery and the effect of the surgery on claimant's ability to perform his former job duties. *See Monfort v. Gonzalez, supra.* For the same reason, the Panel's conclusion that "reemployment would have remained available" is based merely on speculation.

■ Thus, we hold that, although an employer is entitled to the benefits of the reemployment statute if the failure to reemploy is beyond the employer's control, if, as here, the employer does not meet its burden of proving that after the employee reached MMI and claimed permanent partial disability, the employer actually offered to reemploy the employee and offer the usual wage adjustments, the statute does not apply.

## II.

Claimant next argues that the ALJ erred in awarding benefits based on a scheduled disability rather than a working unit award. Because the reemployment statute limits awards to "permanent medical impairment or a payment under § 8–42–107, whichever is less," the ALJ may have felt compelled to make a scheduled award under Colo.Sess. Laws 1990, ch. 62, § 8–42–107 at 491. However, since we conclude that the reemployment statute is inapplicable, it is necessary to address the issue of the application of the schedule on remand.

Colo.Sess.Laws 1990, ch. 62, § 8–42–107(7) at 491 grants the ALJ broad discretion to elect between either a scheduled or a working unit award. *Frazier v. AT & T Technologies, Inc.,* 772 P.2d 657 (Colo.App.1989). This broad grant of administrative authority has been upheld against constitutional challenge, *Martinez v. Industrial Commission,* 632 P.2d 1044 (Colo.App.1981), and we have held that a working unit award is not required if there is substantial evidence that a

worker's earning capacity has not been impaired. *London v. El Paso County*, 757 P.2d 169 (Colo.App.1988).

Therefore, inasmuch as the reemployment schedule is not applicable, the ALJ has the discretion under the former § 8–42–107(7) to elect between either a scheduled or a working unit award. However, because of the factual and discretionary nature of this inquiry, we express no opinion on the merits of the issue on remand. The Panel is directed to remand the cause to the ALJ for reconsideration and for the entry of a proper award consistent with this opinion.

### III.

Claimant also contends that the Panel erred in denying his request for ongoing medical benefits.

The ALJ found that claimant had failed to prove, by a preponderance of the evidence, that future medical treatment would be reasonably necessary to relieve him from the effects of the work-related injury. He noted that claimant could file a petition to reopen if and when his condition worsens. We perceive no error.

The burden is on the claimant to prove his entitlement to benefits by a preponderance of the evidence. *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985). Section 8–42–101(1)(a), C.R.S. (1993 Cum.Supp.) requires an employer to provide to an injured employee "such medical, surgical, dental, nursing, and hospital treatment ... as may reasonably be needed ... during the disability *to cure and relieve* the employee *from the effects of the injury*." (emphasis added)

Here, the claimant's proof consisted solely of a note from the authorized physician indicating that additional arthroscopic surgery was a "probability." The ALJ found that claimant had failed to prove that his continuing need for care was caused by the industrial injury, as opposed to a prior injury. This determination was fully within the ALJ's discretion as fact-finder.

An appellate court cannot reweigh the evidence or substitute its factual judgment for that of the ALJ. *See Martinez v. Regional*

*Transportation District*, 832 P.2d 1060 (Colo. App.1992).

Accordingly, that portion of the order denying ongoing medical benefits is affirmed. The remainder of the order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

MARQUEZ and BRIGGS, JJ., concur.