QUAL-MED, INC. and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and, Respondents.

No. 97CA1440.

Colorado Court of Appeals, Div. A.

May 28, 1998.

Rehearing Denied July 1998.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office

Gordon & Macdonald, P.C., William J. Macdonald, Denver, for Respondent Gregory Clem.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Opinion by Judge STERNBERG.*

In this workers' compensation proceeding, Qual–Med, Inc., and its insurer, Colorado Compensation Insurance Authority, (collectively employer) seek review of the final order of the Industrial Claim Appeals Office (Panel) which awarded benefits to Gregory Clem (claimant) based upon the rating he received in an independent medical examination (IME). We affirm.

Claimant sustained compensable injuries that required surgery for bilateral carpal tunnel syndrome. He developed serious complications in his left wrist because of a pre-existing clotting disorder and, as a result, incurred greater impairment to his left upper extremity than to his right upper extremity. The complications also necessitated further surgical procedures.

After claimant reached maximum medical improvement (MMI), his treating physician rated his permanent impairment at 1 percent for the right upper extremity and 2 percent for the left upper extremity.

Claimant did not dispute the finding of MMI, but was dissatisfied with the impairment rating. He, therefore, requested an IME pursuant to § 8–42–107(8)(c), C.R.S. 1997. The division-appointed IME physician rated claimant's permanent impairment at 23 percent of the whole person. The rating represented a combination of three separate impairments: 19 percent impairment to claimant's left upper extremity; one percent impairment to his right upper extremity, and 4 percent impairment based upon decreased cervical range of motion.

At an evidentiary hearing concerning the issue of permanent partial disability benefits, employer contested the inclusion of the cervical impairment rating, arguing that it was unrelated to the industrial injury. However, the Administrative Law Judge (ALJ) found that employer failed to overcome the IME rating by clear and convincing evidence and, accordingly, awarded permanent partial disability benefits consistent with a whole-person impairment rating of 23 percent.

and § 24–51–1105, C.R.S.1997

On review to the Panel, employer contended that claimant bore the initial burden of proving by a preponderance that he suffered a compensable cervical injury. Therefore, employer further asserted that the ALJ had erred by requiring clear and convincing evidence to overcome the opinion of the IME physician that claimant's cervical impairment was related to the industrial injury.

The Panel disagreed, noting prior cases in which it had held that the opinion of an IME physician regarding the cause of a claimant's permanent medical impairment is an inherent part of the physician's rating and, therefore, is subject to the standard of "clear and convincing" proof.

■ In this appeal, employer contends that the Panel erred in giving the IME presumptive force without first requiring the claimant to show by a preponderance of the evidence that his neck and shoulder problems were caused by his carpal tunnel syndrome. We disagree.

The claimant has the burden of proving an entitlement to benefits by a preponderance of the evidence. Section 8–43–201, C.R.S.1997; *Lerner v. Wal–Mart Stores, Inc.*, 865 P.2d 915 (Colo.App.1993). As pertinent here, the claimant must prove that the injury arose out of and in the course of employment. *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542 (Colo.1995).

Section 8–42–107(8)(c), C.R.S.1997, sets forth the procedures for assessing the employee's permanent medical impairment rating after an employee's date of MMI has been determined. It provides, in pertinent part, that:

[T]he authorized treating physician shall determine a medical impairment rating as a percentage of the whole person based on the revised third edition of the 'American Medical Association Guides to the Evaluation of Permanent Impairment'.... If either party disputes the authorized treating physician's finding of medical impairment ... the parties may select an independent medical examiner by mutual agreement. The finding of such independent medical examiner shall be binding on the parties and on the division. If the parties are unable to mutually agree on the selection of an independent medical examiner, the division shall select an independent medical examiner from a list ... maintained by the division.... The finding of such independent medical examiner regarding the medical impairment rating shall be overcome only by clear and convincing evidence....

■ Under the clear and convincing standard, the party challenging an impairment rating by a division-appointed IME physician must produce evidence which shows that it is highly probable that the IME rating is incorrect. *Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.App.1995).

■ The enhanced burden of proof reflects the underlying assumption that a physician selected by an independent and unbiased tribunal will provide a more reliable medical opinion. It also furthers the objective of reducing litigation regarding the extent of a claimant's impairment. *See Colorado AFL–CIO v. Donlon*, 914 P.2d 396 (Colo. App.1995).

■ In arguing that the ALJ applied the wrong standard of proof, employer does not contest that claimant established by a preponderance that his carpal tunnel syndrome was work-related. Rather, employer maintains that claimant did not prove that the cervical impairment was causally related to the carpal tunnel syndrome and, therefore, compensable. However, as a matter of diagnosis, the assessment of impairment requires a rating physician to identify and evaluate all losses and restrictions which result from the industrial injury. *See Colorado AFL–CIO v. Donlon, supra; AMA, Guides to the Evaluation of Permanent Impairment* ch. 2.1–2.2 (3rd ed.1990).

Thus, the IME physician's conclusion that the neck and shoulder problems were components of claimant's overall impairment simply constituted a part of the diagnostic assessment that comprises the IME process. While employer complains that the conclusion should not be given presumptive effect, that result is required by the statute. *See Colorado AFL–CIO v. Donlon, supra.*

Here, employer had the opportunity to rebut the opinion of the IME physician with clear and convincing evidence. Although there is evidence indicating that claimant's neck and shoulder problems were not diagnosed in other examinations, permitting an inference that such problems were not work-related, the record supports the ALJ's determination that employer failed to overcome the opinion of the IME physician by clear and convincing proof. *See Metro Moving & Storage Co. v. Gussert, supra.*

The order is affirmed.

RULAND and TURSI\*, JJ., concur.