No. 23247.

HARRY LEE TILLMAN *v.* CAPITOL HILL TRANSFER AND STORAGE COMPANY, EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., AND THE INDUSTRIAL COMMISSION OF COLORADO.

(440 P.2d 152)

Decided May 6, 1968.

BRENMAN, CIANCIO, ROSSMAN & BAUM, ARTHUR L. FINE, for plaintiff in error.

ZARLENGO, MOTT and CARLIN, ALBERT E. ZARLENGO, JR., for defendants in error Capitol Hill Transfer and Storage Company, Employers' Liability Assurance Corporation, Ltd.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error, the claimant herein, being dissatisfied with an award of the Industrial Commission, instituted an action in the district court for review of the Commission's action and to obtain an order directing the Commission to have his compensation allowance increased. The court entered judgment sustaining the award of the Commission, to which the claimant sued out a writ of error in this court.

In reviewing the action of the Industrial Commission, the courts — the district court and the supreme court — are limited, in cases of this kind, to the legal

question as to whether the findings of fact by the Commission support the order and award. It is with this principle in mind, now so well settled that citation of authorities is no longer required, that we examine whether the Commission's determination that the claimant sustained a permanent partial disability of 5% as a working unit, must as a matter of law be set aside, and the Commission ordered to redetermine the disability at a higher figure.

The employer filed with the Commission an admission of liability for permanent partial disability of "5% as a working unit." Thereafter the claimant petitioned for a full hearing on the ground that the admitted liability was less than the disability suffered by the claimant.

Such a hearing was granted, and thereafter the referee entered a finding that the 5% figure was correct. On petition for review the Industrial Commission entered extended and detailed "Findings of Fact and Award" and concluded with the following statement: "From this evidence the Commission further finds that the Referee's Order dated December 20, 1966, approving respondents' Supplemental Special Admission of Liability dated October 21, 1966 is correct and should be approved, affirmed and adopted as the order of the Commission herein with these additional findings."

Claimant contends:

1. That the Commission "rubber stamped" the admission of liability filed by the employer;

2. That the Commission "rubber stamped" the physical disability as presented at the hearing by the physicians;

3. That the Commission failed to take into consideration the general physical condition, mental training, ability, former employment, and education of the injured employee in making its award;

4. That the findings of the Commission constituted a mere recital or summary of the evidence and were not "findings" as required by law.

With reference to the first contention, namely,

that the Commission merely accepted the admission of liability, we note that the Commission did not enter either an order or an award following receipt of the admission of liability and the report of the examining physician accompanying it. Rather, the Commission set the matter down for hearing, gave the claimant an opportunity to present evidence of disability greater than that admitted, and after reviewing the claimant's testimony and that of a physician selected by him, concluded that the admitted figure was correct. The physician's report on behalf of the claimant stated that the claimant had sustained a permanent partial disability of 7½%, but he qualified that figure by stating that 50% of this was "due to preexisting arthritis and 50% to the injury as a result of surgery." Thus, in apportioning the disability attributable to the injury, he set the figure at 3¾%. The Commission then, in determining that claimant's permanent partial disability was 5% as a working unit, gave consideration to the only other evidence presented. From the physician's report claimant did not sustain the burden of establishing more than the 5% physical impairment which was compensable.

Examining the 3d contention: Did the Commission fail to take into consideration the general physical condition, mental training, ability, former employment and education of the injured employee in making its award? We answer the question in the negative. In the Commission's findings there are references to claimant's preexisting condition and to the apportionment which the physician of his choice calculated between the degenerative change due to that condition and the disability caused by the injury. There are additional recitals outlining claimant's 18-year employment history, including work that he did in service stations prior to the employment in which he was injured and his prior work as a hoist operator in a mine. There is the additional statement that claimant could do the work done

previously by him in service stations, but which he was not then doing because he elected to go to school to learn to be an automotive mechanic; and also, that claimant could do work as a hoist operator but that the particular mine where he applied refused to employ him because of a policy not to hire one with a history of back injury. The Commission found "that it would be pure speculation to opine that claimant's earning capacity was diminished by this accident."

Claimant admits that all of these matters were contained in the Commission's "findings" but, under the 4th heading above, argues that the Commission merely summarized the evidence. We do not so view the Commission's order.

 With the physicians' reports admitted in lieu of their testimony, the hearing consisted entirely of claimant's testimony. When transcribed it consisted of only 14 legal cap pages. All of the evidence was uncontradicted. The Commission, in summarizing it, made clear that it was cognizant of and took note of every fact contained in the evidence. This is tantamount to finding the truth of everything asserted by claimant. We have held that if the evidence before the Commission is short and uncontradicted, the court, upon review, may treat the record itself as the findings of fact and may consider it accordingly. *Winteroth v. Industrial Commission,* 93 Colo. 38, 22 P.2d 865. Certainly then if the Commission summarizes an entire short and undisputed record it would be meaningless, under such circumstances, to remand the case to the Commission to definitively label each recital as a "finding." For what other purpose would the Commission have in making such detailed recital of pertinent evidence if not to show its acceptance of it as the basis for its award?

 This entire controversy may well be decided on these well-known and oft-repeated principles:

"In determining the extent or degree of disability of an injured workman upon the facts of each case, it

is axiomatic that the Industrial Commission is vested with the widest possible discretion with the exercise of which the courts will not interfere. * * * Also the presumption exists that in making an award for disability under [C.R.S. 1963, 81-12-9], the commission considered and gave due weight to all of the factors therein enumerated. * * * " *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.