**AMPEX CORPORATION and Wausau Insurance Companies, Petitioners,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment; Division of Labor, State of Colorado and Ronald Hartman, Respondents.**

No. 84CA0664.

Colorado Court of Appeals, Div. I.

March 21, 1985.

Zarlengo, Mott & Zarlengo, Lynn P. Lyon, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Dept. of Labor and Employment.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for respondent Ronald Hartman.

SMITH, Judge.

In this workmen's compensation case, Ampex Corporation and Wausau Insurance Companies (petitioners) seek review of a final order of the Industrial Commission which awarded permanent partial disability benefits of twenty-five percent as a working unit to Ronald Hartman (claimant). We affirm.

While employed by Ampex, claimant suffered a compensable injury to his shoulders and right arm. Petitioners admitted liability and paid temporary total benefits until claimant returned to work. When claimant returned to work, petitioners filed a special admission of liability for five percent permanent partial disability. Upon claimant's contest of the special admission, a hearing was held.

Claimant testified that although he had returned to work under the same job classification, his ability to operate the necessary machinery had been diminished. Claimant also stated he had been told by his foreman that because of his decreased ability, the company policy would be to grant claimant less of a wage increase than his co-workers. Although claimant was unable to translate this into a dollar figure, he testified that his co-workers had indeed disclosed to him their receipt of wage increases which were greater than that claimant received. Claimant further testified that while the possibility of his being reclassified to a lesser paying job had been dis-

cussed, he had not been demoted and was, in fact, earning a wage greater than that which he had earned at the time of his injury.

Claimant's treating physician opined that claimant suffered twenty-five percent impairment as a working unit. He also stated that at the point of maximum medical improvement, claimant's condition was such that he could not reach above his head, bring his hand further than his mouth, or reach high enough with his right hand to comb his hair.

The hearing officer found that although claimant was earning a higher wage, he continued to suffer from diminished versatility, limited range of motion, and discomfort. He concluded that from claimant's experience and the medical reports submitted, a twenty-five percent disability had resulted. The Industrial Commission affirmed this determination. ·

On review, petitioners assert that inasmuch as claimant's post-injury wage was greater than his pre-injury wage, the Commission's award of twenty-five percent was erroneous as a matter of law. We disagree.

■ Because post-injury earnings do not always accurately reflect a worker's true earning capacity, a post-injury increase in wage is not necessarily dispositive in determining the existence or extent of disability. *Vail Associates, Inc. v. West*, 697 P.2d 1111 (Colo.1984); *Employers Mutual of Wausau v. Eidson*, 646 P.2d 959 (Colo.App. 1982); *Evans v. Aurora Elevator Co.*, 631 P.2d 1201 (Colo.App.1981).

Petitioners nevertheless argue that the record here indicates that claimant's dis-ability has not diminished his ability to work or his earning power.

■ From our review of the record, there is ample evidence which indicates that claimant has suffered a loss of ability to perform his job tasks. Although there is no present wage loss, where, as here, a worker's physical efficiency has been diminished, it is proper to consider also any impact the injury may have upon future earning capacity. *See Vail Associates, Inc. v. West, supra; Dravo Corp. v. Industrial Commission*, 40 Colo.App. 57, 569 P.2d 345 (1977).

■ Further, in addition to the evidence of diminished physical efficiency, there is ample medical evidence to support the Commission's award, and the record indicates that all relevant factors enumerated in § 8–51–108(1)(b), C.R.S. (1984 Cum. Supp.) were considered. Therefore, the award was not erroneous.

■ Insofar as petitioners assert that a scheduled award was more appropriate here, we note that such a determination is discretionary. *See World of Sleep, Inc. v. Davis*, 188 Colo. 443, 536 P.2d 34 (1975). Considering the extensive evidence of industrial impairment here, we perceive no abuse of discretion in the Commission's determination.

Order affirmed.

PIERCE and BABCOCK, JJ., concur.