**POTOMAC INSURANCE COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Charles McGrath, Director of the Division of Labor, State of Colorado; Henry J. Rolezynski; and Colorado Moving & Storage, Inc., Respondents.**

No. 86CA0016.

Colorado Court of Appeals,
Div. I.

April 30, 1987.

Rehearing Denied June 4, 1987.

Certiorari Denied (Potomac)
Oct. 19, 1987.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Div. of Labor.

Rader and Sandblom, Gary P. Sandblom, Boulder, for respondent Henry J. Rolezynski.

Nicholls, Kusic, Frank & Finger, Thomas E. Frank, Judith F. Tartaglia, on the briefs, Denver, for respondent Colorado Moving & Storage, Inc.

TURSI, Judge.

Potomac Insurance Company (insurer) seeks review of an order of the Industrial Commission holding it liable for payment of workmen's compensation benefits to Henry Rolezynski (claimant). Potomac claims the insurance policy was not in effect at the time of the accident. We affirm.

Claimant was injured on August 18, 1980, while acting in the course and scope of his employment with Colorado Moving and Storage, Inc. (employer). Prior to that time, the employer had arranged for workmen's compensation insurance coverage with the insurer through a licensed general insurance agent for the insurer group.

The general agent was empowered to bind the insurer to workmen's compensation coverage without first remitting the premiums he collected directly from insureds. The funds he collected, less his commissions, were held in trust for the insurer.

In May of 1980, the agent procured workmen's compensation insurance coverage for the employer through the insurer. The policy as issued required prepayment of the entire annual premium. Because the employer had requested the premium be payable on a monthly basis, the agent applied to a bank to finance the annual premium for the policy. According to the terms of the financing agreement, the first installment was due from the employer on June 11, 1980. Initially, the agent did not notify the employer of the financing arrangement. When the agent received the loan proceeds, he deposited the check in his bank account, but did not immediately remit the funds to the insurer.

The employer first learned of the premium financing agreement upon receipt of the premium finance payment booklet on June 15, 1980. After learning the purpose of the booklet from the bank, the employer contacted the agent who explained the insurer's unwillingness to accept monthly premiums. The employer agreed after the fact to financing the annual premium, but objected to the total amount of the premium. The agent indicated he would work at getting the premium reduced. The agent also informed the employer that he had to pay the first installment or the policy would not remain in force.

On July 15, 1980, the bank sent the agent a notice advising that the first installment had not been received and requesting cancellation of the policy. The agent contacted the insurer and asked for a notice of cancellation to be sent. However, on July 18, 1980, the agent went to the employer's office, collected the first installment, and delivered the policy. On July 24, 1980, not having heard further from the agent, the insurer issued the notice of cancellation to become effective on August 8, 1980.

After the cancellation date, the agent contacted the employer and represented that the premium finance company would reinstate the policy upon receipt of past due payments.

On August 13, 1980, the employer sent the next installment to the bank with the understanding that the policy would be reinstated. On or about August 19, 1980, the bank sent a letter to the agent rescinding its request for cancellation of the policy. In the interim, the claimant was injured. Following investigation, the insurer denied coverage on the basis that the policy had been cancelled because of non-payment by the agent.

A total of five hearings were held resulting in the hearing officer's initial order dated June 18, 1981, in which he held that insurance coverage had been cancelled. Following a petition to review, the Industrial Commission remanded the case on August 5, 1982, for further consideration. Two more hearings took place which culminated with the hearing officer's order of July 29, 1985.

In the order of July 29, 1985, the hearing officer found the agent had apparent authority to make binding representations regarding reinstatement of the workmen's compensation insurance policy following cancellation. Accordingly, the hearing officer concluded that the insurer was bound by the agent's representations and had wrongfully cancelled the policy. The hearing officer held that the employer's insurance policy continued in effect through the date of claimant's accident, and awarded payment of benefits. The Industrial Commission affirmed the decision of the hearing officer.

The insurer contends the Industrial Commission erred in remanding the matter to the hearing officer for further consideration of the issue of insurance coverage. The Commission's August 5, 1982, order stated: "There was error in the decision of June 18, 1981 because the referee did not consider all issues presented by the parties as to status of liability to the claimant." The insurer argues the hearing officer did consider all issues resulting in the initial determination that the policy had been cancelled. We disagree.

The June 18, 1981, order of the referee stated: "[T]his decision does not determine the contract rights of the parties ... relative to their respective rights and obligations as a carrier, agent and insured. This determination would be outside the jurisdiction of the Division of Labor."

■ We agree with the Commission that the issue of who is liable for the payment of compensation benefits falls within the jurisdiction of the Division of Labor because it affects payment of benefits to an injured worker. *Archer Freight Lines, Inc. v. Horn Transportation, Inc.*, 32 Colo.App. 412, 514 P.2d 330 (1973). Thus, the hearing officer erred in not considering all aspects of the coverage issue, and the Commission properly remanded the matter for the making of sufficient findings of fact to permit appellate review. *See* § 8–53–111(7), C.R.S. (1986 Repl.Vol. 3B).

Next, the insurer maintains the hearing officer erred in taking further testimony on the issue of insurance coverage. The remand order stated: "[T]he referee will be required to take evidence, if necessary, and consider all issues as to party status," but the insurer argues further testimony was not necessary. We perceive no error.

■ The decision of whether additional evidence was needed fell within the discretion of the hearing officer. Further hearing should take place if evidence remains to be presented that might affect the outcome of a claim for benefits. *Raffaelo v. Industrial Commission*, 670 P.2d 805 (Colo.App. 1983). Here, further information as to the authority and apparent authority of the insurance agent was needed; consequently, the hearing officer did not err in taking additional evidence.

The insurer also contends it was error to hold the insurance company liable for the representations of its agent because the representations were made as to matters outside his authority. We disagree.

Under agency law, an agent acquires apparent authority to act when his principal causes third parties to believe the agent is so authorized. *Kuehn v. Kuehn*, 642 P.2d 524 (Colo.App.1981). Furthermore, an insurer is bound by the representations of its agent. *See* § 10–2–203(1), C.R.S. (1986 Cum.Supp.). *See also Northwestern National Casualty Co. v. State*, 682 P.2d 486 (Colo.App.1983).

Here, the employer relied on the agent's statement that the policy would remain in force if the second installment payment was made. Based on that representation, it made the payment and expected its coverage to continue. In light of the extensive authority given the agent by the insurer, we conclude that the agent's statement was within the ambit of his apparent authority.

Finally, contrary to the contention of the insurer, the findings of fact of the hearing officer are supported by substantial evidence. Accordingly, we will not disturb the order on appeal. Section 8–53–120, C.R.S. (1986 Repl. Vol. 3B).

Order affirmed.

PIERCE and CRISWELL, JJ., concur.