**Lucy M. GALLEGOS, individually and as personal representative of the Estate of Robert Gallegos, deceased, Petitioner and Cross–Respondent,**

v.

**GREEN CONSTRUCTION COMPANY, Wausau Insurance Company, Respondents and Cross–Petitioners,**

and

**The Industrial Claim Appeals Office of the State of Colorado, Respondent.**

**Nos. 86CA1677, 86CA1689.**

Colorado Court of Appeals,
Div. I.

Oct. 29, 1987.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for petitioner and cross-respondent.

Glasman, Jaynes, Carpenter & McBride, James L. Carpenter, Denver, for respondents and cross-petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

VAN CISE, Judge.

Robert Gallegos (claimant) seeks review of the portions of a final order of the Industrial Claim Appeals Office (Panel) which set aside part of a hearing officer's award of temporary total and permanent partial disability benefits. Green Construction Company and Wausau Insurance Company (respondents) seek review of the portions of the Panel's order which determined that they were liable for permanent total disability benefits without apportionment to the Subsequent Injury Fund (SIF) and which affirmed the hearing officer's assessment of penalties for failure timely to admit or deny liability. We affirm.

This case was before us in a prior appeal. In *Green Construction Co. v. Industrial Commission*, (Colo.App. No. 85CA0447, July 11, 1985) (not selected for official publication), we set aside the Industrial Commission's order and remanded the case for further proceedings consistent with our holding in *State Compensation Insurance Fund v. Fulkerson*, 680 P.2d 1325 (Colo. App.1984).

On remand, the record was reviewed by a different hearing officer and new findings and conclusions were entered. In pertinent part, the hearing officer found that claimant had sustained two compensable injuries, the first in September 1979 and the second in August 1980. A separate claim had been filed for each of the two injuries. For the 1979 injury, claimant was awarded temporary total disability benefits for the period from December 31, 1979, until February 11, 1980, at the rate of $227.74 per week and permanent partial disability benefits at the rate of $84 per week until respondents have paid him $26,292. For the 1980 injury, claimant was awarded temporary total disability benefits at the rate of $244.65 per week from December 15, 1980, to January 15, 1981, and from February 21, 1981, through June 21, 1983. In addition, since claimant had been unable to return to work after June 1983 and had attained maximum medical improvement on June 21, 1983, claimant was declared permanently and totally disabled as of that date, as the combined result of both injuries, and entitled to permanent total disability benefits for life from that date, at the rate of $244.65 per week.

Penalties were assessed against respondents for failure timely to admit or deny liability for both injuries. These were imposed for the period from June 11, 1981, until February 2, 1983. Social Security offsets were provided for, and respondents were ordered to pay claimant's medical ex-

penses. The issue of SIF liability was reserved for later determination.

On review, as to the 1979 injury, the Panel affirmed the award of temporary total disability but set aside the award of permanent partial disability. Concerning the 1980 injury, the Panel set aside the award of temporary total disability from December 15, 1980, to January 15, 1981, but otherwise affirmed ·the hearing officer's order. Also, it affirmed the findings of permanent total disability "arising from aggravation of a pre-existing condition as a result of the 1980 injury."

The Panel affirmed the hearing officer's assessment of penalties but set aside his order reserving the issue of SIF liability. It concluded that because it was setting aside the award of permanent partial disability benefits for the 1979 injury, there was no "previously sustained" permanent partial disability as required by § 8–51–106(1)(a), C.R.S. (1986 Repl. Vol. 3B). Thus, the Panel concluded that the SIF could not be liable. This petition for review followed.

## I.

Claimant contends that the Panel erred in concluding there was insufficient evidence that the 1980 injury caused temporary total disability between December 1980 and January 1981. We disagree.

■ Like the Panel, our search of the record uncovers no evidence that claimant lost time from work or earnings during these dates. As the Panel pointed out, claimant specifically testified that he did not lose time after the 1980 injury, but rather continued to work, albeit in pain, until February 1981. We note also that the hearing officer's order relies in part on an affidavit of four witnesses which states that claimant "continued to experience pain in his neck, back and arms until he left the job in ... *February of 1981.*" (emphasis added)

Further, although claimant purports to find reliance for the award in Dr. Gazibara's reports, the reports to which claimant refers do not address the issue of lost time from work. Indeed, the doctor specifically testified that claimant was not under his care between March 1980 and March 1981.

## II.

Claimant next contends that the Panel erred in setting aside the permanent partial disability award for the 1979 injury. We disagree.

■ The Panel concluded that the award was unwarranted because there was no evidence of impaired earning capacity. Claimant's physicians specifically stated they could not determine what portion, if any, of claimant's permanent total disability was attributable to the 1979 injury. In addition, claimant testified, and the hearing officer found, that after the 1979 injury claimant returned to work in February 1980. Although claimant testified that his symptoms continued, there is no evidence of then present or future wage loss, *see Vail Associates, Inc. v. West,* 692 P.2d 1111 (Colo.1984), or of diminished job efficiency. *See Ampex Corp. v. Industrial Commission,* 699 P.2d 980 (Colo.App.1985). Thus, we perceive no error.

## III.

Respondents contend that ·the Panel erred in failing to order that the SIF be joined and a new hearing be held to determine SIF's liability. Respondents assert the lack of SIF participation deprived them of due process. We do not agree.

Section 8–51–106(1)(a), C.R.S. (1986 Repl. Vol. 3B) provides that the SIF is liable only

"[W]here an employee *has previously sustained permanent partial industrial disability* and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment...." (emphasis added)

*See also City & County of Denver v. Industrial Commission,* 690 P.2d 199 (Colo. 1984).

■ We agree with the Panel that since the 1979 injury was determined not to have resulted in permanent partial disability, there was no basis for SIF liability.

■ Respondents nonetheless contend that there was direct evidence that claimant also sustained permanent disability from industrial injuries in 1970, 1971, 1972, 1973, and 1974. While it is true these injuries occurred, claimant testified that no permanent disability resulted. Thus, the statutory requirements for SIF liability do not exist, and any error in not requiring SIF to appear in the proceedings below was harmless. *See* § 8–53–122, C.R.S. (1986 Repl. Vol. 3B).

## IV.

Respondents also assert that the penalties imposed are improper because they are based on speculation and conjecture. Again, we do not agree.

■ Respondents were notified in May 1981 that claimant asserted his then "current" disability was job-related. This notification was sufficient to trigger the requirement to admit or deny liability pursuant to § 8–53–102(1), C.R.S. (1986 Repl.Vol. 3B). We find no merit in respondents' contention that it is speculative to conclude they had sufficient notice since claimant's notification failed to specify which of his many injuries he claimed caused the disability. The lack of a specific date is insignificant.

Respondents admitted that upon receiving claimant's notification, they checked their accident report records, and "found *no* report on file for *any* accident...." (emphasis added) Respondents further admitted that upon reviewing claim forms submitted to the group health carrier, they concluded that claimant's health problems were not job related. We conclude from this evidence that respondents were aware that claimant was asserting that an industrial injury had occurred and that respondents had ample information upon which to deny liability. The lack of an injury date did not relieve respondents of the duty timely to admit or deny liability.

The order is affirmed.

SMITH and KELLY, JJ., concur.