Jack BOICE, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of COLORADO, Director, Division of Labor and Employment, Continental Airlines, and National Union Fire Insurance Company, Respondents.

No. 89CA1220.

Colorado Court of Appeals, Div. II.

July 26, 1990.

Rehearing Denied Aug. 23, 1990.

Certiorari Denied Nov. 19, 1990.

The Law Offices of Richard K. Rufner, Richard K. Rufner, Denver, Bailey and Makaroff, Sergiu L. Herscovici, Lakewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director Div. of Labor, Dept. of Labor and Employment.

Anderson, Campbell and Laugesen, P.C., Thomas Schrant, Denver, for respondents Continental Airlines and Nat. Union Fire Ins. Co.

Opinion by Judge DUBOFSKY.

Claimant, Jack Boice, seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying him a permanent partial disability award. We set aside the order.

Claimant works for Continental Airlines as a baggage handler. On April 23, 1988, he fell out of an airplane onto the tarmac at Stapleton International Airport and fractured his left elbow. After recovering from the injury, he returned to work for Continental Airlines at his preinjury pay, and since his return he has received the usual wage adjustments.

Claimant argues that the findings of the Administrative Law Judge (ALJ) which provide the basis for the Panel's order are insufficient to support the denial of an award for permanent partial disability. We agree.

Because claimant returned to work for Continental Airlines at his preinjury rate of pay and received his expected wage adjustments, his workers' compensation benefits are limited by § 8–51–108(4), C.R.S. (1989 Cum.Supp.).

Section 8–51–108(4) states in relevant part:

"In any case where an employer reemploys or continues the disabled employee at work in the employment of the employer at the employee's preinjury rate of pay and extends to the employee the usual wage adjustments, the employee's permanent partial disability award *shall be limited to permanent medical impairment* or a payment under section 8–51–104, whichever is less." (emphasis added)

The statute does not define the term "medical impairment." Generally, "medical impairment" refers to a total or partial loss of the physical function of a member

of the body, or of the body as a whole. *See Rork v. Szabo Foods,* 439 N.E.2d 1338 (Ind. 1982); *see also World of Sleep, Inc. v. Davis,* 188 Colo. 443, 536 P.2d 34 (1975).

■ By comparison, the term "disability" means loss of earning capacity or an inability to work as effectively or as efficiently as claimant did prior to the injury. *Vail Associates, Inc. v. West,* 661 P.2d 1187 (Colo.App.1982), *aff'd,* 692 P.2d 1111 (Colo.1984); *see Rork v. Szabo Foods, supra.*

■ The term "loss of earning capacity" is broadly based and may include, *inter alia,* the consideration of lost wages, loss of capacity to do certain work functions, loss of the ability to compete in the labor market, and the loss of bodily function. *See State Compensation Insurance Authority v. Industrial Claim Appeals Office,* 786 P.2d 423 (Colo.App.1989); *see also Hobbs v. Industrial Claim Appeals Office,* — P.2d — (Colo.App. No. 89CA1722, June 28, 1990).

■ We determine that the intent of the General Assembly in enacting § 8–51–108(4) was to limit the amount of the workers' compensation awards that must be paid by employers who continue or reemploy injured employees after an industrial accident. Therefore, under § 8–51–108(4), an employee is allowed only to recover benefits because of loss of bodily function and not because of a loss of earning capacity. The term "disability" is broader and more inclusive than "medical impairment." A person can have a medical impairment but still not have a disability that adversely affects his earning capacity.

If an employee is continued or reemployed after an industrial injury, since it is limited to permanent medical impairment or a payment under § 8–51–104, whichever is less, the amount of the award under § 8–51–108(4) for permanent disability will generally be less than a full award for permanent disability where the employee is neither continued nor reemployed. *See Cosmopolitan Western Hotel v. Henry,* 172 Colo. 279, 472 P.2d 134 (1970).

■ The ALJ found that "[t]he claimant's range of motion in his left arm is limited as a result of his injury." Moreover, the ALJ concluded that:

"The judge is of the opinion that *claimant clearly suffered* a loss of earning capacity and *a permanent partial disability* as a result of his injury … and claimant was found to be a credible witness when he testified that he has pain, discomfort, and limitation of motion as a result of his injury and subsequent surgery. *Accordingly, the judge believes that claimant clearly has proven that he has suffered some permanent disability.*" (emphasis added)

However, the treating physician's medical report indicated that he anticipated claimant would not have a permanent *disability.* Despite his earlier conclusion that there was a permanent partial disability, the ALJ construed the doctor's opinion and the medical report of "permanent disability … none anticipated" as meaning "zero percentage permanent impairment." The ALJ erred for two reasons in concluding there was no permanent impairment.

The first error made by the ALJ was his failure to discuss and apply the permanent medical impairment standard of § 8–51–108(4) in resolving the issue. Here, the physician's statement responded to a questionnaire which did not distinguish between the two concepts of medical impairment and disability. Therefore, it is difficult, if not impossible, to determine whether the physician in addressing the issue of permanent disability equated the term with loss of earning capacity or used it to mean partial medical impairment or both. It is also unclear from the ALJ's decision which meaning of permanent disability he used.

■ The ALJ made contradictory findings on the critical issue of permanent disability and then ruled against claimant without explanation. The ALJ is, of course, not required to follow the expert's medical opinion if there is an adequate basis to rule to the contrary. *See Tillman v. Capital Hill Transfer & Storage Co.,* 165 Colo. 514, 440 P.2d 152 (1968). On the other hand, the ALJ may have, despite his

language to the contrary, accepted the physician's determination of no permanent disability.

We conclude that the findings of fact and conclusions of law of the ALJ are insufficient and inconsistent on this issue of permanent disability and do not support the order denying benefits for medical impairment. Hence, it is unclear whether the proper legal standard was applied to the facts. *See Potomac Insurance Co. v. Industrial Commission*, 744 P.2d 765 (Colo. App.1987); *Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984). Therefore, the cause must be remanded for clarification.

The order is set aside, and the cause is remanded for further findings as directed herein.

SMITH and MARQUEZ, JJ., concur.