Kenneth R. FULTON, Petitioner,

v.

KING SOOPERS; The Industrial Claim Appeals Office of the State of Colorado; and Director, Division of Labor, Respondents.

No. 90CA0420.

Colorado Court of Appeals, Div. II.

Dec. 6, 1990.

Rehearing Denied Jan. 24, 1991.

Certiorari Granted May 20, 1991.

Law Offices of Bruce P. Fierst, P.C., Bruce P. Fierst, Rodney G. Loomis, Denver, for petitioner.

Glasman, Jaynes & McBride, Lydia W. Daugherty, Denver, for respondent King Soopers, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge SMITH.

Kenneth R. Fulton, claimant, contests a final order of the Industrial Claim Appeals Office (Panel) which held that, under Colo. Sess.Laws 1987, ch. 51, § 8–51–108(4) (repealed and reenacted as § 8–42–110(3), C.R.S. (1990 Cum.Supp.)), he is limited to an award of permanent medical impairment or scheduled disability award. We affirm.

Claimant works for King Soopers as a mechanic. In May 1988 he sustained an admitted industrial injury to his left hand. After recovering from the injury, he returned to work for King Soopers at his preinjury rate of pay. However, claimant's attainment of journeyman status, with an increase in wages under the union agreement, was delayed approximately three months because he had not performed the requisite number of work hours for journeyman status.

The Administrative Law Judge (ALJ) found that the claimant received the usual wage adjustments after his return to work in spite of the fact that his advancement to journeyman status was delayed. The ALJ determined that the delay was caused by labor union requirements and not because the employer failed to extend the usual wage adjustments. The ALJ further found that the "evidence does not show that claimant is permanently unable to perform his job at the present time." The ALJ then concluded that claimant was limited to an award of permanent medical impairment. Claimant appealed and the Panel affirmed the ALJ's order.

Claimant contends that he was not extended the usual wage adjustments upon his return to employment because the injury caused a substantial delay in his attaining journeyman status. We disagree.

■ Under the statute at issue here, if an employee who is injured after July 1, 1987, is continued or employed at his preinjury rate of pay and is extended the wage adjustments granted to other employees, a workers' compensation award is limited to permanent medical impairment or a scheduled disability payment. *See Boice v. Industrial Claim Appeals Office,* 800 P.2d 1339 (Colo.App.1990).

Here, claimant's wage increase was delayed by his injury until he performed the necessary number of work hours for journeyman status pursuant to the union agreement and not because the *employer* failed to extend to claimant the usual wage adjustments. We therefore agree with the Panel that a delay in wage increase because of a union agreement does not operate to defeat the application of § 8–42–110(3).

■ Claimant further contends that § 8–42–110(3) is inapplicable here because he is permanently unable to perform the duties offered by the employer. We disagree.

Although claimant testified that he is unable to perform some of his duties without difficulty or assistance, he also testified that he is performing his preinjury job without complaints from his supervisor. We, thus, agree with the ALJ that the evidence does not demonstrate that, in the language of the statute at issue, claimant is "permanently unable to perform the duties offered by the employer...."

Order affirmed.

ROTHENBERG, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

Claimant caught his left hand in a forklift and suffered a partial amputation of several fingers. In a medical report, his treating physician opined that, as a result of this injury, claimant suffered a permanent partial disability of 22 percent loss of the left hand function, which, in turn, resulted in a 12 percent loss of the whole man.

Claimant returned to his job with employer. At the hearing, claimant testified to his limitations in performing certain duties connected with his job.

The Panel, in affirming the ALJ's determination that claimant was not entitled to a full permanent disability award, stated:

"The ALJ's finding that the claimant is performing his preinjury job without complaints from his supervisors is supported by substantial evidence, and is therefore binding on review.... In light of his satisfactory performance, evidence that the claimant is unable to perform some of his duties without difficulty or assistance does not compel a determination that he is 'permanently unable to perform the duties offered by the employer' as contemplated by the statute. An interpretation of the statute in the manner urged by the claimant would render it inapplicable to any case in which the claimant's physical efficiency in his regular work has been diminished. *Cf. Ampex Corp. v. Industrial Commission*, 699 P.2d 980 (Colo.App.1985). We do not believe that the statute was intended to be of such limited effect."

Section 8–42–110(3), C.R.S. (1990 Cum. Supp.) is intended to encourage employers to retain employees whose injuries arose during their employment and who are permanently partially disabled. The statute provides an economic incentive to employers to continue the employment of such disabled employees because the amount of money which a disabled employee can receive for his partial permanent disability is limited to either a payment for permanent medical impairment or a scheduled payment under § 8–42–107, C.R.S. (1990 Cum. Supp.), whichever is less. *See Boice v. Industrial Claim Appeals Office*, 800 P.2d 1339 (Colo.App.1990).

A permanent disability award under § 8–42–110(3) will inevitably be less than the amount which a permanent partially disabled employee who was not re-employed under this section would otherwise receive. *See Boice v. Industrial Claim Appeals Office, supra.* Section 8–42–110(3) also provides that if, as a result of a work-related permanent partial disability, an employee is dismissed from his job by his employer or resigns from employment within two years of his re-employment, he may petition the director for a redetermination of the original permanent partial disability award and obtain an appropriate permanent partial disability award.

Section 8–42–110(3) states in relevant part:

"This subsection (3) shall *not apply* if the *director* finds that due to the injury the employee is permanently unable to perform the duties offered by the employer." (emphasis added)

From the record and the findings of the ALJ, it is clear that claimant is unable to perform all of the duties offered by his employer. The employer's apparent willingness to accept, without complaint, the limitations of claimant's job performance is an important aspect of the Panel's determination that claimant satisfactorily performed his job.

A disabled employee who, despite his continued employment under § 8–42–110(3), requests full permanent partial disability benefits because of his inability to perform the duties offered by his employer may enhance the risk he will lose his job. Although it is illegal for an employer to retaliate against an employee because he exercises his rights under the Workers' Compensation Act, testimony which demonstrates the limitations of his work performance may cause the employer to have second thoughts about continuing the disabled employee's employment.

If an employee, nonetheless, pursues his right to full payment for his permanent partial disability because he is unable to perform the duties offered by the employer, I believe that the issue of his entitlement to full benefits should be made by the director in reviewing the actual duties required and the employee's ability to perform those duties. Although I agree with the Panel's statement that it would be a mistake to read § 8–42–110(3) as providing the right of an employee to obtain full permanent partial disability for even minor limitations on the performance of his duties, § 8–42–110(3) indicates that financial limitations are inapplicable if the employee is permanently unable to perform the duties offered by the employer.

I would, therefore, set aside and remand to the Panel to determine whether the limitations on claimant's performance of his

duties are minor in nature. If the disabled employee can substantially perform in a competitive manner all of the duties offered by the employer, then the financial limitations of § 8–42–110(3) are applicable. If such limitations are not minor, then the financial limitations of § 8–42–110(3) are not applicable.

There are several reasons why § 8–42–110(3) would be inapplicable if the employee cannot perform his assigned duties. The requirement that the employee perform his assigned duties is intended to prevent employers from "carrying" the disabled employees by giving them meaningless jobs which they cannot perform. An employer who "carries" an employee who cannot perform a job, in order to avoid paying full permanent partial disability, undermines the productivity of the business and causes resentment against the employee. Furthermore, a disabled employee who is "carried" for two years may then be released by the employer and at that point be unable to find or hold a new job. The disabled employee who cannot perform the duties of the job and has thus been improperly retained will also have been deprived of potential benefits and training that could have assisted him in finding a job which he can do.

Here, given the undisputed limitations on the claimant's performance of his work duties, it appears that the employer's acceptance of these limitations is the determinative factor in the Panel's conclusion. The Panel did not otherwise evaluate the import of these limitations on claimant's performance of his job duties.

The Panel should separately determine whether the limitations on claimant's performance of his duties were of minor or major significance. If the limitations significantly limited claimant's performance of his duties, then I believe the employee is entitled to the full permanent partial disability benefits. *See Ampex Corp. v. Industrial Commission,* 699 P.2d 980 (Colo. App.1985).