**ADVANCED COMPONENT SYSTEMS and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Ruben GONZALES and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 95CA0768.**

Colorado Court of Appeals, Div. II.

April 4, 1996.

Rehearing Denied May 9, 1996.

Certiorari Granted March 17, 1997.

Colorado Compensation Insurance Authority, Douglas A. Thomas, Curt Kriksciun, Denver, for Petitioners.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder; Pepe J. Mendez & Associates, P.C., Pepe J. Mendez, Denver, for Respondent Ruben Gonzales.

No appearance for the Industrial Claim Appeals Office.

Opinion by Judge CRISWELL.

Petitioners, Advanced Component Systems, Inc., and the Colorado Compensation Insurance Authority, seek review of an order of the Industrial Claim Appeals Office (Panel) granting workers' compensation benefits to claimant, Ruben Gonzales. The essential issue presented is whether a cosmetic disfigurement, which does not impede any physical function, is a "medical impairment" under § 8–42–107(8), C.R.S. (1995 Cum.Supp.) so as to authorize an award of benefits under that statute, rather than under § 8–42–108, C.R.S. (1995 Cum.Supp.). Because we conclude that such disfigurement is not a medical impairment under the pertinent statute, we set aside the order of the Panel and remand the cause for its reconsideration.

The relevant facts are not in dispute. The employee here sustained an admitted industrial injury to his right eye which resulted in a "traumatically aphakic eye" and the "loss of visual field." His treating physician determined that this physical dysfunction was the equivalent of an 81% loss of use of the eye.

However, the injury also resulted in facial scarring at and near the eye. Referring to American Medical Association Guides to the Evaluation of Permanent Impairment § 8.5 (4th ed. 1993) (AMA Guides), the physician noted that those guides provide for an additional whole person impairment rating for "cosmetic deformities that *do not otherwise alter the ocular function*" (emphasis supplied) of up to 10% of the whole person. Hence, this physician gave the employee a 5% whole person medical impairment rating for this disfigurement, in addition to the 81% loss of use rating for the reduced vision.

For reasons that are not apparent from the record, the claimant waived his right to receive benefits for disfigurement under § 8–42–108, which authorizes an award of up to $2,000 for such disfigurement. Rather, he asserted that this non-dysfunctional disfigurement constituted a non-scheduled impairment under §§ 8–42–107(1)(b) and 8–42–107(8), C.R.S. (1995 Cum.Supp.) and that, pursuant to the decision in *Mountain City Meat Co. v. Industrial Claim Appeals Office*, 904 P.2d 1333 (Colo.App.1995) (*cert. granted*, Oct. 30, 1995), he was entitled to a single impairment rating as a whole person, calculated in accordance with the AMA Guides.

Initially, the Administrative Law Judge rejected the employee's contention and entered an award based only upon an 81% loss of use of the right eye. On review, however, the Panel reversed, holding, in essence, that, be-

cause the AMA Guides considered an eye disfigurement to be an "impairment," it must be considered as such under the Colorado statute. Hence, under *Mountain City Meat,* because the employee had suffered two impairments—one subject to the schedule in § 8–42–107(2), C.R.S. (1995 Cum.Supp.) and one not—he was entitled to benefits calculated as a 60% impairment of the whole person.

We conclude, however, that, irrespective of the manner in which the AMA Guides may treat a non-dysfunctional disfigurement, such is not an "impairment" under the Colorado statute. Hence, unless a disfigurement results in an interference with a physical function (in which event it would be an "impairment"), § 8–42–108 provides the sole benefits for such disfigurement.

■ Section 8–42–107, C.R.S. (1995 Cum. Supp.) establishes two different bases for the award of compensation benefits for a permanent impairment. If the injury is one of those described in the schedule set forth in § 8–42–107(2), C.R.S. (1995 Cum.Supp.), then the benefits delineated in this schedule are awarded. If, on the other hand, the injury does not fall under the schedule, § 8–42–107(8) requires a reference to the AMA Guides to determine the degree of permanent impairment, based upon a whole person rating. These statutes have been interpreted to allow a single impairment rating, computed under § 8–42–107(8) using the AMA Guides, if a claimant suffers two or more impairments, one of which falls under the schedule and one of which is a non-scheduled impairment. *Mountain City Meat Co. v. Industrial Claim Appeals Office, supra.*

■ However, no benefits are awardable, either under the schedule or as computed from the AMA Guides, unless the employee sustains a "permanent medical impairment." Section 8–42–107(1), C.R.S. (1995 Cum. Supp.).

Among the list of scheduled injuries is the "loss of an eye by enucleation (including disfigurement resulting therefrom)," § 8–42–107(2)(ff), C.R.S. (1995 Cum.Supp.); and "[t]otal blindness of one eye," § 8–42–107(2)(gg), C.R.S. (1995 Cum.Supp.). Yet, § 8–42–107(8)(c.5), C.R.S. (1995 Cum.Supp.) requires the loss or total loss of use of an eye to be compensated under § 8–42–107(8) in accordance with the AMA Guides. Nevertheless, § 8–42–107(7)(b), C.R.S. (1995 Cum. Supp.) provides that, except as otherwise provided in § 8–42–107(8) (obviously referring to the various total losses or losses of use described in § 8–42–107(8)(c.5)), in the case of any "loss of use of or partial loss of use of any member" described in the schedule, "the amount of permanent partial disability shall be the proportionate share of the amount stated in the foregoing schedule for the total loss of a member...." The parties here do not dispute that an eye is a "member" under this statute, so that an injury resulting in a partial loss of vision constitutes a partial loss of use of a member for its purposes.

Finally, § 8–42–108 provides for an award "in addition to all other compensation benefits" for a person who is "permanently disfigured" in an amount to be set by the director, in his or her discretion, but not to exceed $2,000. It is to be noted that, while this section of the Workers' Compensation Act was repealed and reenacted in 1990, Colo. Sess. Laws 1990, ch. 62 at 493, it has remained in essentially the same substantive form since 1919. *See* Colo. Sess. Laws 1919, ch. 210 at 730. While amended both in 1969, Colo. Sess. Laws 1969, ch. 201 at 628, and in 1975, Colo. Sess. Laws 1975, ch. 171 at 302, those amendments had the effect only of increasing the parts of the body for which a disfigurement would be compensable and the total compensation awardable.

Hence, compensation is awardable under § 8–42–107(2) or § 8–42–107(8) for a "permanent medical impairment," while an award under § 8–42–108 is for one who has been "permanently disfigured." And, although none of the pertinent statutes defines either a "medical impairment" or a "disfigurement," the Colorado courts have construed both terms.

In *Arkin v. Industrial Commission,* 145 Colo. 463, 358 P.2d 879 (1961), our supreme court determined that the predecessor of § 8–42–108 did not require proof of any impact upon a claimant's earning capacity (under the then statutory concept of "disability")

in order to qualify for an award for disfigurement. It said, rather, that the award called for by the disfigurement statute was one based only on "an observable impairment of the natural *appearance* of a person." *Arkin v. Industrial Commission, supra,* 145 Colo. at 472, 358 P.2d at 884 (emphasis supplied).

Likewise, prior to the 1991 amendments, Colo. Sess. Laws 1991, ch. 219 at 1291, et seq., at which time the concept of medical impairment was substituted for the previous concept of disability, a claimant who was permanently, but partially, disabled, but who was re-employed by the employer, was limited to an award based upon a "permanent medical impairment." Colo. Sess. Laws 1987, ch. 51 at 389. In *Boice v. Industrial Claim Appeals Office,* 800 P.2d 1339, 1340–1341 (Colo.App.1990), that term was held to refer to "a total or partial loss of the *physical function* of a member of the body, or of the body as a whole." (emphasis supplied) And, it is presumed that the General Assembly was aware of this judicial definition when it later used that same term in § 8–42–107. *See Allen v. People,* 175 Colo. 113, 485 P.2d 886 (1971).

Hence, a "disfigurement" under § 8–42–108 need only affect a person's appearance, while a "medical impairment" under either § 8–42–107(2) or § 8–42–107(8) must interfere with or otherwise have an impact upon a person's physical functions.

Given these definitions, then, the conclusion is manifest that a "disfigurement" cannot be compensated either under the schedule or under the AMA Guides, unless it also affects a person's physical functions, so that it is also a "medical impairment."

This conclusion is supported by the purpose of the 1991 amendments to the Workers' Compensation Act, one of those purposes was to reduce the cost of compensation to the employer. *See Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994); *Colorado AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995). It would be a strange result, therefore, if the Act were to provide a "double recovery" for the same impairment by allowing an award of up to $2,000, "in addition to" all other compensation.

Given this purpose, moreover, it is only if a disfigurement under § 8–42–108 is something different from and not included within the concept of a medical impairment under § 8–42–107 that an additional award for disfigurement becomes logical. *See Arkin v. Industrial Commission, supra* (meagerness of award for disfigurement compels conclusion that right to compensation for such is not dependent upon an award for "disability," now "impairment").

Finally, the fact that a disfigurement may be considered to be an "impairment" under the AMA Guides is of little moment. It is only if a "permanent medical impairment" under § 8–42–107 is present that the AMA Guides apply. Referring to the AMA Guides, rather than to the statutes, to determine whether the AMA Guides should be referred to, results in illogical, circular reasoning.

We conclude, then, that a non-dysfunctional disfigurement under § 8–42–108 is not a medical impairment under § 8–42–107 and that such disfigurement cannot increase the amount of compensation to be awarded under § 8–42–107. Likewise, such a disfigurement cannot be considered to be an additional impairment for purposes of a single award under *Mountain City Meat Co. v. Industrial Claim Appeals Office, supra.*

Here, the treating physician made clear that he rated claimant's functional loss, *i.e.,* his partial loss of vision, separately from the rating he attributed to claimant's disfigurement. Further, neither the treating physician nor the AMA Guides suggest that the impairment rating given for disfigurement is to be based upon any resulting functional impairment; it is to be based solely upon disfigurement, not functional loss.

Under these circumstances, therefore, because the employee had only a single impairment, *i.e.,* his functional loss of use of sight, the analysis adopted by *Mountain City Meat Co. v. Industrial Claim Appeals Office, supra,* is inapposite, and claimant is entitled only to an award under the schedule.

The order of the Panel is set aside, and the cause is remanded to it for its reconsidera-

tion of a proper award of benefits consistent with the views expressed in this opinion.

HUME and JONES, JJ., concur.