Stanley **RICHARDS**, Plaintiff–Appellant,

v.

The **COUNTY COURT In and For the COUNTY OF WELD, and the Honorable Willis W. Kulp, County Court Judge**, Defendants–Appellees.

No. 88CA1350.

Colorado Court of Appeals, Div. 4.

Nov. 9, 1989.

Rehearing Denied Feb. 1, 1990.

Certiorari Granted June 25, 1990.

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

**591**

Law Office of Ira Greschler, P.C., Ira E. Greschler, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol Mullins, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiff, Stanley Richards, appeals from the dismissal of his complaint for relief under C.R.C.P. 106(a)(4). We reverse.

Plaintiff was arrested on January 28, 1988, for driving while under the influence of intoxicating liquor, a misdemeanor under § 42–4–1202(1)(a), C.R.S. (1984 Repl. Vol. 17). He was released to a treatment center after posting a $500 personal recognizance bond. The complaint and summons issued by the arresting officer were not served on plaintiff. However, a copy was filed with the county court the next day.

On the bond return date, counsel for plaintiff entered a special appearance and moved for a dismissal on jurisdictional grounds citing the lack of service. The court denied the motion and waived plaintiff's appearance, finding that counsel was before the court in plaintiff's stead. Coun-sel, under protest, entered a plea of not guilty for the plaintiff and accepted a copy of the complaint and summons from the court.

This action for review under C.R.C.P. 106(a)(4) ensued. In determining whether the county court had personal jurisdiction over the plaintiff, the district court found that certain statements made by counsel before the county court amounted to a waiver of service by plaintiff, and it concluded, therefore, that the prosecution was properly initiated under the requirements of Crim.P. 4.1(d). We disagree.

Section 16–3–105, C.R.S. (1986 Repl. Vol. 8A) relating to misdemeanor arrests states in pertinent part:

"(1) When a person has been arrested without a warrant, he may be released by the arresting authority on its own authority if:

. . . .

(b) The offense for which the person was arrested and is being held is a misdemeanor or petty offense and the arresting officer or a responsible command officer ... is satisfied that the person arrested will obey a summons commanding his appearance at a later date.

(2) If the person is released in accordance with subsection (1)(b) of this section ... he shall be given a summons and complaint as provided for in sections 16–2–104 and 16–2–106 and shall sign a written acknowledgment of its receipt and a promise to appear at the time and place specified."

Under both § 16–2–112, C.R.S. (1986 Repl. Vol. 8A) and Crim.P. 4.1(d):

"If a peace officer makes an arrest without a warrant of a person for a misdemeanor or a petty offense, the arrested person shall be taken without unnecessary delay before the nearest available county or district judge. Thereafter, a complaint shall be filed immediately in the county court having jurisdiction of the offense and a copy thereof given to the defendant at or before the time he is arraigned."

Section 16–2–112 contains additional language which conditions its application on

the arresting authority's right to release the arrested person pursuant to § 16-3-105.

The foregoing statutes contemplate a scheme whereby a defendant arrested for a misdemeanor is notified soon after his arrest of the exact charges pending against him. The notification is accomplished through personal service of the complaint and summons on a defendant before his release or through appearance before the court directly after the arrest. Here, the record supports the district court's finding that the summons and complaint were not served on plaintiff either at the time of his arrest or his release. Consequently, neither of the steps providing for prompt notification were performed.

Furthermore, although a defendant may waive any technical irregularity in an arraignment proceeding, *see Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977), we find no such waiver here.

In holding that a waiver of service had occurred, the district court relied on a statement counsel made when he appeared before the county court. The statement was: "So I think rather than accept service of the summons and complaint, rather I would prefer for the court to dismiss this case without prejudice." Rather than constituting a waiver of service by plaintiff, this statement facially was an effort by plaintiff's counsel to preserve plaintiff's jurisdictional challenge. That challenge was preserved when counsel accepted the summons and complaint only under protest.

Therefore, inasmuch as the requirements of § 16-3-105 and § 16-2-112 were not adhered to in this case, the district court's dismissal of plaintiff's complaint is reversed, and the cause is remanded with directions that an order be entered vacating the service of the summons and complaint upon counsel for plaintiff and the plea entered thereon.

FISCHBACH and DUBOFSKY, JJ., concur.