**WELD COUNTY COURT, and the Honorable Willis W. Kulp, County Court Judge, Petitioners,**

v.

**Stanley RICHARDS, Respondent.**

**No. 90SC117.**

Supreme Court of Colorado,
En Banc.

June 10, 1991.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Dianne E. Eret, First Asst. Atty. Gen. and Carol Mullins, Asst. Atty. Gen., Gen. Legal Services Section, Denver, for petitioners.

Ira E. Greschler, Greschler & Renfroe, P.C., Boulder, for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Richards v. County Court*, 793 P.2d 590 (Colo.App. 1989), in which the court of appeals reversed the dismissal of respondent Stanley Richards' complaint for relief under C.R. C.P. 106(a)(4). We reverse and remand the case to the court of appeals with directions to reinstate the judgment of the district court dismissing Richards' complaint for relief.

## I.

On January 28, 1988, Richards was arrested without a warrant and taken into custody for the misdemeanor offense of driving under the influence of intoxicating liquor. § 42–4–1202(1)(a), 17 C.R.S. (1984). Richards elected to be released to the Island Grove Regional Treatment Center and was released on a $500 bond requiring his appearance before the Weld County Court on February 17, 1988 "to answer charges which have been or which may be filed against" him. Richards was not given a copy of the complaint and no charge was listed on the bond document. The complaint was filed in Weld County Court the following morning. Richards was not present when the complaint was filed and did not receive a copy of the complaint when it was filed. Richards filed a motion to dismiss the action against him with the county court on February 5, 1988, arguing that the court did not have jurisdiction over Richards because a complaint had not been served upon him. The motion stated that Richards was "appearing especially for the purpose of contesting jurisdiction."

On February 8, 1988, Richards' counsel appeared before the Weld County Court.

When the court attempted to serve a copy of the complaint against Richards on Richards' counsel, Richards' counsel responded as follows:

[B]efore I accept a copy of that complaint I might state to the Court that my client is not here. That my motion to dismiss on the grounds of failure to serve the complaint has been filed.... So I think that rather than accept the service of the summons and complaint, rather I would prefer for the court to dismiss this case without prejudice.

Richards' counsel then argued in support of his motion to dismiss that a complaint must be served upon a defendant in order to confer jurisdiction on the court. The court rejected the argument and denied the motion to dismiss. Richards' counsel then suggested setting the matter for trial, requested a jury trial, and entered a plea of not guilty. Richards' counsel accepted a copy of the complaint under protest and reservation of the right to appeal.

Richards then filed a complaint in district court pursuant to C.R.C.P. 106(a)(4), again arguing that the county court did not have jurisdiction over Richards. The district court dismissed the complaint, ruling that the procedures followed in the case complied with Crim.P. 4.1(d) and concluding that the county court had jurisdiction. The court of appeals reversed the order of the district court on the grounds that the procedures utilized in the case did not adhere to the requirements of section 16–3–105, 8A C.R.S. (1986), and section 16–2–112, 8A C.R.S. (1986). *Richards*, 793 P.2d at 592.

## II.

■ The court of appeals held, and Richards argues, that for a county court to have jurisdiction over a misdemeanor offense, Colorado statutes and Colorado Rules of Criminal Procedure require that the person charged be taken before a judge directly after the arrest or be formally advised of the charges against him by service of the complaint prior to release upon admission to bail. We disagree and hold that the procedure utilized in this case com-

plied with the requirements of the relevant statutes and rules of criminal procedure.

The court of appeals held that sections 16–2–112 and 16–3–105 "contemplate a scheme whereby a defendant arrested for a misdemeanor is notified soon after his arrest of the exact charges pending against him. The notification is accomplished through personal service of the complaint and summons on a defendant before his release or through appearance before the court directly after the arrest." *Richards,* 793 P.2d at 592. Section 16–2–112 states as follows:

> If a peace officer makes an arrest without a warrant of a person for a misdemeanor or a petty offense, the arrested person shall be taken without unnecessary delay before the nearest available county or district judge. Thereafter, a complaint shall be filed immediately in the county court having jurisdiction of the offense and a copy thereof given to the defendant at or before the time he is arraigned. The provisions of this section are subject to the right of the arresting authority to release the arrested person pursuant to section 16–3–105.

*See also* Crim.P. 4.1(d) (same text as first two sentences of section 16–2–112). Section 16–3–105 states in relevant part:

> (1) When a person has been arrested without a warrant, he may be released by the arresting authority on its own authority if:
>
> \* \* \* \* \* \*
>
> (b) The offense for which the person was arrested and is being held is a misdemeanor or petty offense and the arresting officer or a responsible command officer of the arresting authority is satisfied that the person arrested will obey a summons commanding his appearance at a later date.
>
> (2) If the person is released in accordance with subsection (1)(b) of this section, he shall be given a summons and

complaint as provided for in sections 16–2–104 and 16–2–106 and shall sign a written acknowledgment of its receipt and a promise to appear at the time and place specified.

■■■ In construing sections 16–3–105 and 16–2–112, the court of appeals ignored other statutes and procedural rules relevant to determining whether the commencement of the misdemeanor prosecution in this case was proper.[1] Implicit in the court of appeals' analysis is its assumption that there are only two ways to acquire jurisdiction over a defendant where a warrantless arrest for a misdemeanor offense is followed by a complaint. Under the court of appeals' approach, a person arrested without a warrant who is kept in custody must be "taken without unnecessary delay before the nearest available county or district judge" and presented with a copy of the complaint at or before his arraignment. § 16–2–112. Alternatively, a person arrested without a warrant may be released by the arresting authority on its own authority if "the arresting officer or a responsible command officer of the arresting authority is satisfied that the person arrested will obey a summons commanding his appearance at a later date." § 16–3–105. In the second alternative, the person arrested is released on personal recognizance. The arrested person must be given a summons and complaint and must sign a written acknowledgement of its receipt and a promise to appear at the time and place specified. § 16–3–105.

Neither of these procedures, however, was utilized in this case. Instead, Richards was admitted to bail through his execution of a $500 appearance bond under section 16–2–111, 8A C.R.S. (1986). Section 16–2–111 describes the procedure through which a person arrested and brought to the county court or jail on a charge of committing a misdemeanor may be admitted to bail, pending appearance before the county judge, when the county judge or judges are

---

**1.** Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *See, e.g., People v. District Court,* 713 P.2d 918, 921 (Colo.1986). To effectuate the legislative intent, a statute must be

read and considered as a whole. *Id.* The statute should be interpreted to give consistent, harmonious and sensible effect to all its parts. *Id.*

not immediately available for purposes of admission to bail. § 16–2–111. That is what happened here. Richards was arrested for allegedly committing a misdemeanor during the evening and was admitted to bail, pending his appearance on a specific time and date before the county court judge.[2] The complaint was filed with the county court the following morning. We hold that the procedure followed in this case, where a defendant is arrested and admitted to bail through execution of an appearance bond pursuant to section 16–2–111 and a misdemeanor complaint later is filed in the county court, is a third way through which a county court acquires jurisdiction over a defendant when a warrantless arrest for a misdemeanor offense is followed by a complaint.

Richards' release upon admission to bail and the subsequent filing of the complaint complied with the requirements of section 16–2–112 when section 16–2–112 properly is read in conjunction with section 16–2–111. Richards is correct in arguing that he was not taken before the nearest available county judge directly after arrest as contemplated by the language of section 16–2–112. The presentation of Richards before the nearest available county judge directly after arrest, however, did not take place because Richards was admitted to bail and agreed, by signing his appearance bond, to appear before the county judge at a future time and date. By electing to be released on bail with an appearance bond, Richards agreed to delay his appearance before the county judge until the date and time specified on the appearance bond. *See* Y. Kamisar, W. LaFave, J. Israel, *Modern Criminal Procedure* 9 (6th ed. 1986) ("Where the arrested person was released by police on ... bail, the first appearance will not be scheduled until several days after the arrest.... [H]owever, [if] the arrestee [is] still ... in custody, ... state law will require that he be brought before the [judge] without unnecessary delay."); *see also* Colo. Const. art. II, § 19 (expressing preference for bail); § 16–4–101, 8A C.R.S. (1986) (same).

■ When he posted bail and executed his appearance bond, Richards also waived service of the complaint on him until his appearance date. This procedure also complies with section 16–2–112 and related rules, which do not require that a person charged with a misdemeanor be given a copy of the complaint until "at or before the time he is arraigned." § 16–2–112; Crim.P. 4.1(d); Crim.P. 5(c)(1); *see also* § 16–2–111 (no requirement that a person admitted to bail receive a copy of the complaint prior to admission to bail); § 16–7–207, 8A C.R.S. (1986) (court must inform the defendant at defendant's first appearance before the court or upon arraignment of the nature of the charges against him and court cannot accept plea of guilty unless defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effects of his plea); Crim.P. 5(c)(2) (defendant shall be advised at his first appearance in the county court of the nature of the charges against him). Thus, the statutes and procedural rules do not require that a person charged with a misdemeanor be given a copy of the complaint prior to being released on bail.

The service of the complaint upon Richards' counsel in this case complied with the requirements of these statutes and rules. The date set for Richards' arraignment was February 17, 1988. Richards' counsel received a copy of the complaint on February 8, 1988.[3]

---

**2.** Section 16–2–111 provides that a person charged with a misdemeanor "may be admitted to bail or be given a pretrial release by an appropriate officer designated by court rule." Richards does not argue that his admission to bail was not granted by such an "appropriate officer."

**3.** Richards argues that the central issue here is whether special appearances for the purpose of contesting jurisdiction are permissible in criminal cases. Without addressing the merits of the issue of special appearances in criminal cases, we note that Richards was permitted to enter a special appearance to contest jurisdiction in this case. It was not until after the county court addressed and denied Richards' motion to dismiss for lack of jurisdiction that the court served a copy of the complaint on Richards' counsel. The county court duly noted Richards'

We conclude that the county court acquired jurisdiction over the defendant in this case. The procedure utilized in this case complied with relevant statutes and rules, when those statutes and rules properly are construed together. We therefore reverse the judgment of the court of appeals with directions to reinstate the judgment of the district court dismissing Richards' complaint.

Judgment reversed.

protest and permitted Richards to preserve the issue of jurisdiction for appeal.